TEMPLE HILL DEVELOPMENT CO. v.
LINDHOLM et ux. (No. 6232.)

(Court of Civil Appeals of Texas. San Antonio.
May 28, 1919. Rehearing Denied
June 18, 1919.)

APPEAL AND ERROR ⬅⟹719(8)—REVIEW—NE-
CESSITY OF ASSIGNMENTS.

In the absence of an assignment challeng-
ing the accuracy of the trial court's findings, the
reviewing court will not question their ac-
curacy.

Appeal from District Court, Bexar County;
J. T. Sluder, Judge.

Suit by the Temple Hill Development Com-
pany against Eric A. Lindholm and wife.
Decree for defendants, and plaintiff appeals.
Affirmed.

W. C. Church and T. F. Mangum, both of
San Antonio, for appellant.
Barrett, Eskridge & Barrett and Hood
Boone, all of San Antonio, for appellees.

COBBS, J. This suit was instituted by ap-
pellant to recover from appellees Lot Nos. 3
and 4 in block No. 4 in section A of Temple
Hill addition to the city of San Antonio, Bex-
ar county, and for damages and rent, at $20
per month, and for amounts already paid to
be held and recovered as liquidated damages,
together with all improvements erected and
placed upon the premises by appellees.
Plaintiff prays for a writ of possession and a
permanent injunction restraining defendants
from interfering with the possession of said
land or from occupying and holding posses-
sion.

Appellant alleges it instituted the suit to
enjoin defendants from interfering with the
possession of the land and occupying the
premises, and thereafter entered into a new
agreement and contract, and agreed that the
cause be held on the docket until such agree-
ment would be complied with.

In said new agreement dated April 30,
1918, it was provided all unsightly objects,
and especially the pile of wood now located
thereon, would be removed and keep the same
therefrom, and also all exposed hay and ma-
terial of any kind would be removed. It also
provided:

"Further, to turn said shed around so that
the same shall face the street in front of said
lots or the alley in the rear of said lots and to
paint said sheds and building with three coats
of good paint and to screen said building and
place window and electric lights therein in ac-
cordance with the plans for its construction and
to construct cesspool and toilet in sanitary
manner."

It was agreed that the building could be
used for residence purposes only until a resi-
dence shall be built, according to their agree-
ment, then its use as a residence to cease. It
was agreed that the appellees were permitted
to remain on said premises for a period of
six months until a residence be erected in ac-
cordance with the contract, then to reside in
it, and all improvements thereon to be for-
feited to appellant in case of the breach.
The former contract was forfeited, and this
contract made in lieu thereof.

The appellant sold said lots for $900 to ap-
pellees, the sum of $155 having already been
paid, and balance to be paid in installments
of $20 per month on the 20th day of each
month until paid. Upon the payment of all
the installments appellant agreed to convey
the property by a general warranty title with
certain reservations and conditions. The one
was:

"No building for residence purposes costing
less than twelve hundred dollars shall ever be
erected on said property; any building for
residence purposes shall front on the street
running east and west in front, and no build-
ing shall be erected on said property 20 feet
on the street.

"The appellant agreed to furnish abstract of
title showing good and merchantable title free
and clear of incumbrances."

The appellant alleged a breach of the con-
tract in that appellees have "failed to remove
from said lots all unsightly objects, and es-
pecially the pile of cordwood located thereon,
and to keep the same therefrom, and also all
exposed hay and material of any kind so as
make said lots an incentive to prospective
purchasers of lots in said addition instead of
the unsightly place that it has been, and
further to turn said shed round so that the
same shall face the street in front of said
lots or the alley in the rear of said lots, and
to paint said shed and building with three
coats of good paint, and to screen said build-
ings and place electric lights therein in ac-
cordance with the plans for its construction,
and to construct cesspools and toilet in a san-
itary manner," and further violated contract
in occupying same for a residence, and have
failed to build the residence on the lot that
should cost not less than $1,200.

The prayer was to recover all improve-
ments thereon and all money paid as liqui-
dated damages, for writ of possession, and
permanent injunction.

Appellee answered by general denial and
that they went upon said premises in good
faith and placed permanent improvements
thereon of the value of $1,500, and complied
with the contract substantially in every par-
ticular; that no electric lights had been
placed there, through no fault of theirs, but
because of the restrictions the war depart-

ment placed on the public service corporation they were not able to get the building wired and the electric current extended to the premises.

At the time of execution of agreement there were two buildings upon the property described therein, one designated a "shed," and the other as a "building," about which some confusion arose, but clear in the minds of the parties. The "shed" was being completed, and the other building was undergoing construction. That "shed" was changed so as to face street in front of lots. The "building" has been painted, screened. Cesspool and toilet have been constructed in a sanitary condition, so improved as to meet the demands of the contract, and cost more than $1,200. It was appellees' understanding, if building cost the minimum of $1,200, no question would be raised, and appellees could continue to use the same as their residence. They allege that they complied with their contract and promptly tendered and offered plaintiff the $20 to cover monthly installments and made no default therein. Upon appellant's refusal to accept the installments, they promptly legally tendered to appellant the entire purchase price remaining due, and continued to tender said money in court, but the appellant refused to accept the same. Appellees further replied that appellant waived the clause in the contract requiring houses to cost not less than $1,200. Appellees prayed that plaintiff take nothing by the suit; that writ of injunction be dissolved and not made permanent; that defendants be quieted in their right to occupy said property undisturbed and plaintiff required to accept the monthly payment due and such others as they may fall due on or before the due date or that it be required to accept the full amount of the unpaid purchase money; in case plaintiff be adjudged to recover title and possession, defendant have judgment for his improvements; and for all relief, general and special.

Upon request of appellant the court filed the following findings of fact and conclusions of law:

"I find that on the 2d day of April, 1918, plaintiff filed this suit against the defendants, the same being an ordinary suit in trespass to try title, covering lots 3 and 4 in block 4, section A of the Temple Hill addition to the city of San Antonio; that the plaintiff was a corporation; that theretofore it had entered into a contract of sale with the defendants under the terms of which the defendants were to pay for the property in installments; that in this suit a temporary mandatory writ of injunction was issued without a hearing; that before a hearing to dissolve was had plaintiff and defendants entered into another contract, which is set out fully in the amended petition. I find that at the time of the original contract the plaintiff knew the financial condition of the defendants, and knew that they had some three or four cars

of various kinds of personal property, including lumber, hay, etc., which they intended to place upon the property, and that the plaintiff acquiesced therein; that after the second contract was entered into the defendants in good faith proceeded to comply with the terms of said second contract; and that at the time of the trial of the case each and every one of the terms of same had been substantially complied with.

"I find that the defendants, after going into possession of the property and with the knowledge of the plaintiff, made valuable improvements in good faith amounting to the sum of $1,500.

"I further find that at the time of the trial of the case the plaintiff did not hold clear and unincumbered title to this property, but that there is a lien outstanding against the Temple Hill addition, including these lots involved in this suit."

### Conclusions of Law.

"The court finds as a conclusion of law that the plaintiff, Temple Hill Development Company, did not at the time the case was tried own a clear and unincumbered legal title to the property involved in this suit; that the suit is one in trespass to try title, and plaintiff did not show such title in itself under the pleadings as to entitle it to recover. I further find 'that under the evidence it is shown that the defendants have substantially complied with the terms of their contract; hence it would be inequitable to enter judgment forfeiting what they had paid on the property and the improvements they had placed thereon."

Appellant makes a number of assignments. The first complains that the court erred in rendering judgment for the appellees for the reason that it appears that appellees had agreed to erect another building on the lots in question other than the buildings on said lots at the time of said contract, and that same should be erected within six months from the date of contract, and in case of failure to so erect said building the contract of purchase was to be canceled, and plaintiff was to have possession of the premises in question, but defendants had failed to comply with said agreement.

An examination of the contract shows that appellees were authorized to use the building for residence purposes until a residence shall be built on said lots, and not to use the same for residence purposes after their residence shall be built. The appellees moved from the shed to the new building.

The court found as a fact that at the time of the trial of the case each and every term of the contract had been complied with, and appellees went into possession of the property with knowledge of appellant and made valuable improvements amounting to $1,500.

The second and third assignments are practically to the same effect, complaining that appellee failed to perform their contract in the particulars stated, and further in not making the character of improvements con-

tracted, and not putting in electric lights. Thé court has already found the facts against appellant on these issues, as seen from the findings above.

In addition to the findings of fact by the court, there is also a full statement of facts filed.

There was no exception taken and properly preserved in the record or any assignment made challenging the accuracy of the court's findings, which appellant requested to be filed, and in the absence of such an assignment we are not at liberty to question the accuracy thereof, and, as the court found all the facts against appellant and in favor of the appellees, they will not be disturbed.

There is no reversible error assigned, and the assignments are all overruled, and the prayer for injunction is denied.

Judgment is affirmed.

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes