**FIRST TEXAS PRUDENTIAL INS. CO. v. RYAN et al.**

No. 8718.

Court of Civil Appeals of Texas. San Antonio.

Jan. 20, 1932.

Rehearing Denied April 27, 1932.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Conger & Conger, of San Antonio, for appellees.

FLY, C. J.

This is a suit to have a certain policy reinstated, which had been forfeited by appellant, and to recover certain sums to be paid while the insured was insane. The court set aside the forfeiture and reinstated the policy, and rendered judgment for $100 and $133.33, for sums accruing while Lee Ryan was insane.

The findings of fact are as follows and are adopted as the conclusions of fact of this court:

"All parties to said suit are legal parties and properly before the Court.

"The defendant, First Texas Prudential Insurance Company, issued to plaintiff, Lee Ryan, on September 20, 1927, a life insurance policy duly executed by the officers of said company in the sum of $1,000.00, naming Mary Ryan as beneficiary in said policy; said policy being No. 10628, same being a 20 year payment life policy with annual premium of $24.71, payable $6.49 quarterly, representing the age of the insured, Lee Ryan, to be 24 years.

"Said insurance policy so issued contained a rider providing, among other things, as follows:

" 'Total and Permanent Disability

" 'If, while no premium is in default and before the policy anniversary on which the insured's age at nearest birthday is sixty years, the Company shall receive due proof of the disability of the insured as hereinafter defined, the Company will waive the payment of each premium as it may thereafter become payable under the policy and will pay to the insured or, if insanity be the cause of disability, to the beneficiary, a monthly income of ——— Ten Dollars ($10.-00) ——— the first payment to be made upon approval of proof of disability and subsequent payments on the tenth day of each succeeding month during the continuance of such disability or until the maturity of the policy. The premiums so waived and the disability income so paid shall not be deducted from the amount of insurance and the loan and cash values shall increase from year to year as though the premiums were being paid in cash.

" 'Total and permanent disability of the insured within the meaning of this policy is defined as either (1) Disability caused by bodily injury or disease which totally and continuously prevents the insured and presumably will permanently prevent him from performing any work for compensation or profit or from following any gainful occupation, provided such disability has at the time of the receipt of proof thereof existed for not less than sixty days; or (2) Disability caused by bodily injury or disease which totally and continuously prevents the insured from performing any work for compensation or profit or from following any gainful occupation and has continuously so prevented him for a period of not less than six months immediately preceding the date of receipt of proof thereof.'

"Lee Ryan, plaintiff, was, on his own application admitted to the San Antonio State Hospital for treatment as insane on the 7th day of February, A. D. 1929, and was continuously confined in said Institution from said date to May 17th, 1930, when he was discharged as cured.

"During the time he was so confined plaintiff, Lee Ryan, was insane within the meaning of said insurance policy and was by reason thereof totally and continuously prevented from performing any work for compensation or profit or from following any gainful occupation during said time. Said condition was presumbly permanent and existed for more than six months before the making of proof and giving of notice thereof; proof of insanity and notice under said policy was made to said defendant Company on November 7th, A. D. 1929.

"The defendant, First Texas Prudential Insurance Company, attempted to forfeit said policy for failure to pay the premium due on June 20th, 1929, and attempted to so notify the plaintiff, Lee Ryan, of their action in declaring said policy forfeited. Plaintiff, acting by his next friend, G. E. Le Stourgeon and Geo. L. Conger, his attorney, used due diligence after being informed of the condition of said policy to make due proof of the insanity of Lee Ryan, insured, and to make

demand for reinstatement of said policy and for benefits thereunder, and to institute suit thereon on defendant's refusal to reinstate said policy and pay the benefits thereunder.

"The plaintiff, Lee Ryan, being insane from February 7th, 1929, to May 17th, 1930, there would have accrued to Mary Ryan, Beneficiary, under said policy, at $10.00 per month as provided in said policy, the sum of $153.33. The premium accrued from May 17th, 1930, when plaintiff Lee Ryan recovered his sanity, to this date, to-wit, March 27th, 1931, amounts to $19.47.

"Because of defendant's refusal to reinstate said policy and pay, the benefits thereunder it became necessary for plaintiffs to employ attorneys to enforce their rights; they did employ Conger & Conger, Attorneys, and agreed to pay them a reasonable and customary fee for said services. A fee of $100.00 is reasonable and customary in such cases."

The first proposition, which assails the jurisdiction of the district court, is overruled. The allegations of the petition showed jurisdiction. The second, third, and fourth propositions are without merit and are overruled. The fifth proposition is like unto the three propositions immediately preceding it and is overruled.

The sixth, seventh, eighth, and ninth propositions assail the findings of fact and are overruled. The facts fully sustain the findings of the trial judge.

The judgment is affirmed.

### On Motion for Rehearing.

Appellee had become insane and was confined in the state hospital for the insane from February 7, 1929, to May 17, 1930, when he was discharged. Under the terms of the policy no premiums could be assessed against him during his period of insanity, but in violation of the plain provisions of the policy appellant declared a forfeiture of the same while such confinement existed. Although the forfeiture had been declared, appellant is claiming that appellee should have begun and continued the payment of premiums after he had been released from the hospital. Up to that time no premiums had accrued, and appellee was under no obligation to pay premiums on the forfeited policy. Appellant, in denying the jurisdiction of the district court, seems to forget that one of the objects of the suit was to set aside the forfeiture of a policy of insurance for $1,000.

This court might well have refused to consider the assignments of error copied into the brief because they are not the same as those contained in the record. The record shows a definite desire to evade a contract made by appellant and deprive a person of unsound mind of his rights under such contract.

At the time of the attempted forfeiture no premiums were due on the policy, and none could have become due, even had the policy been in effect, until after May 17, 1930.

Neither the findings of fact nor the conclusions of law were excepted to by appellant, and they reflect the testimony and the law appropriate to them, and they are binding upon appellant. The latter knew the condition of Lee Ryan, knew that no premiums were due, and yet made an attempt in violation of the terms of the contract to destroy the same.

The motion for rehearing is without merit, and is overruled.