[No. 23791. Department Two. August 29, 1932.]

LENA DAHL, *as Executrix, Respondent,* v. BESSIE MOORE, *Appellant.*

GUSTAVE DAHL *et al., Respondents,* v. BESSIE MOORE, *Appellant.*[1]

[1]Reported in 14 P. (2d) 28.

*Preston, Thorgrimson & Turner,* for appellant.

*Robert B. Abel* and *Homer T. Bone,* for respondents.

BEALS, J.—Lena Dahl, as executrix of the will of Sophia Gordon, deceased, brought suit against Bessie Moore and Dilling-Vradenburg Organization, Inc., a corporation, as defendants, for damages on account of the death of plaintiff's testatrix, alleged to have been caused by the negligence of defendant Moore. Gustave Dahl and Lena Dahl, his wife, also sued the same defendants for damages for personal injuries growing out of the same automobile accident, which resulted in the death of Sophia Gordon. The actions were consolidated for trial, the court granting defendants' motions for nonsuits. On appeal, the judgments were reversed. *Dahl v. Moore,* 161 Wash. 503, 297 Pac. 218.

The cases were then transferred to King county for trial, and resulted in verdicts, one in favor of Lena Dahl as executrix in the sum of seven thousand dollars, the other in favor of Mr. and Mrs. Dahl for three thousand dollars. Defendants' motions for judgment and for a new trial were denied, the denial of the latter motion being contingent upon plaintiffs accepting certain reductions in their verdicts. Plaintiffs respectively accepted such reductions, and judgment was entered in favor of Lena Dahl, as executrix, for five thousand dollars, and in favor of Gustave Dahl and wife for sixteen hundred dollars. From these judgments, defendant Bessie Moore appeals.

The accident which resulted in this litigation occurred September 22, 1929, on which day appellant was driving her Nash sedan, carrying Mrs. Gordon and Mr. and Mrs. Dahl as passengers, north along the lake Washington road between Renton and Seattle. About

three miles north of Renton, one Vanthul, who was driving his Ford in a northerly direction, attempted to pass appellant's car on an S curve, with the result that he struck appellant's car, which thereupon left the road and ran down a steep bank on to the Seattle, Renton & Southern electric railway tracks, where the automobile was demolished by a northbound electric car.

On the former appeal (to the opinion in which reference is made for a more detailed statement of the undisputed facts), it was held that the evidence, which consisted of plaintiffs' case only, presented a case which was not obnoxious to a motion for a nonsuit, and that the trial court erred in entering judgments of dismissal. On this appeal, appellant earnestly contends that the evidence introduced on the second trial differs from that introduced at the first hearing, and that the trial court erred in overruling appellant's challenge to the sufficiency of the evidence and in denying her motions for judgment notwithstanding the verdicts or for a new trial. Appellant also contends that the trial court committed error in striking portions of the testimony of certain of her witnesses.

In support of her first two assignments of error, appellant argues that the record contains no substantial evidence showing negligence on the part of appellant. Vanthul attempted to pass appellant's car near the end of an S curve. He gave no signal of the fact that he was attempting to pass appellant's car, and when his car struck the machine driven by appellant, the latter car left the road after traveling approximately fifty-five feet. A Chevrolet driven by one M. R. Johnson, which was approaching from the north, in order to avoid the Vanthul car, turned off the paved portion of the road to the west at approxi-

mately the same time that appellant's car left the road on the east side thereof.

Mr. Vanthul, called as a witness on behalf of respondents, testified as follows:

"When I started to pass the Nash I could see that the road was clear. As I swung out to pass her she crowded to the left side of the road and at the same time speeded up; seeing what she was doing I blew my horn for her to give me more room. After we got down a ways this other car came from the other direction, and seeing that I wasn't getting any room to operate in—I couldn't possibly get ahead of her—I put on the brakes to fall in behind her. The pavement was—it had been raining and the pavement being wet the car started to slide and my right rear fender came in contact with her left rear fender. And approximately at the same time that our fenders came in contact this Chevrolet coming from the other direction passed on my left, two wheels off the pavement and two on the pavement, right on the edge. After I came in contact with Mrs. Moore's car there wasn't any contact after that. And we got clear and I got ahead of her, and after I got some distance down the road, why, I looked back, and I was surprised to see Mrs. Moore going over the bank."

Several witnesses, most of them disinterested, testifying on behalf of appellant, contradicted Mr. Vanthul, in so far as he testified that, while he was endeavoring to pass appellant's car, she swung her machine to the left and speeded up.

Appellant contends that, in view of all the evidence, this court should hold, as matter of law, that the testimony relied upon by respondents constitutes no more than a mere scintilla of testimony, in so far as the matter of the speeding up of appellant's car and the swerving of the same to the left is concerned, and that, there being no substantial evidence of negligence on the part of appellant, the trial court erred in not

holding, as matter of law, that judgment should be entered in appellant's favor.

Respondents rely upon § 41, subd. 3, of Laws of 1927, chapter 309, p. 801 (Rem. 1927 Sup., § 6362-41, par. (3)), which provides that

"The overtaking vehicle shall maintain its speed until clear of the vehicle or animal overtaken and the vehicle or animal being overtaken shall turn to the right and give one-half of the road, and shall not increase its speed while being passed."

If Vanthul's testimony to the effect that appellant violated the rules laid down in the section of the statute above quoted be held sufficient to carry to the jury the question of appellant's negligence, the verdict of the jury based upon all the evidence is, of course, determinative of the disputed questions of fact.

Testimony on behalf of respondents was introduced to the effect that Mrs. Moore, just prior to the accident, had been talking to Mr. Dahl, expounding to him the advantages of the surrounding territory, with the view of inducing Mr. Dahl to purchase some of the real estate which was being sold by appellant's principal. At the point of the collision between the two cars, the dirt shoulder to the east of the road was approximately ten feet wide, and there is testimony in the record to the effect that, while running along this shoulder a distance of fifty-five feet, appellant did not apply her brakes, but that the speed of her car tended to increase. At the point appellant's car went over the bank, the dirt shoulder had narrowed to seven and one-half feet. Appellant testified that her car was equipped with four-wheel brakes, and that the same were in excellent condition.

The witness Vanthul was subjected to lengthy cross-examination, but we are unable to say, as matter of law, that the effect of his testimony in chief was taken

away by any statements which he later made. The trial court, which had the advantage of hearing and seeing the witnesses, denied appellant's motion for a new trial. We are unable to hold, as matter of law, that the testimony which appellant criticizes falls within the scintilla of evidence rule, and that this court should hold that the verdicts are not supported by substantial evidence.

The trial court denied appellant's motions for a new trial, and appellant argues that the verdicts were against the plain weight of the evidence, and that this court should so hold, reverse the judgments appealed from and direct that new trials be awarded. We are unable to agree with appellant in her contention. While it is manifest that the opinions of reasonable men as to where lies the preponderance of the evidence might differ, we cannot hold that the trial court, in failing to set the verdicts aside and grant appellant's motions for a new trial, abused its discretion.

After the accident, three officers of the law quizzed Vanthul extensively as to the facts concerning the same. The three officers were called as witnesses on behalf of appellant, and testified at length as to what Vanthul had said to them concerning the accident. Vanthul's story was fully gone into, notes taken by one of the officers having been used to refresh the witnesses' recollection. Not one of these witnesses testified that Vanthul had at that time, immediately after the accident, stated that Mrs. Moore had, while he was endeavoring to pass her car, swerved to her left or increased the speed of her machine.

Appellant asked one of these witnesses whether or not Vanthul, in describing the accident, had made any statement or claim that appellant, as he was passing her, had swung her car to her left and forced Vanthul

over towards the west side of the highway, to which the witness replied in the negative. On objection by respondents, the court ruled that this testimony was improper, and the statement of the witness, together with other testimony to the same effect by other officers, was stricken from the record and withdrawn from the consideration of the jury. Appellant argues that this ruling of the trial court, together with the refusal by the court of an offer of proof along the same line made by appellant, constitutes reversible error.

Vanthul had answered certain impeaching questions propounded by appellant's counsel by stating, ''I do not remember what I said to the officers.'' The three officers testified fully as to what Vanthul said to them in describing the accident. Appellant's counsel examined these witnesses at length as to just what Vanthul had told them, and they were subjected to cross-examination by respondents' counsel.

Two of the officers testified that Vanthul had not claimed to them that appellant had swerved to her left and increased the speed of her car while he was attempting to pass her. Assuming, as appellant argues, that this testimony was by the court stricken from the record on respondents' motion, we cannot hold that, under all the circumstances disclosed by this record, the fact that objections to questions propounded by appellant's counsel to one of the officers as to what Vanthul did not say were sustained, and the testimony along that line by the other two officers stricken, requires reversal of the judgments appealed from. Appellant interrogated the witnesses referred to at length, and they were subjected to cross-examination on behalf of respondents. Under such circumstances as are disclosed by this record, the trial court has considerable discretion in controlling the examina-

tion of witnesses, and we find no reversible error in connection with the matters of which appellant complains.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.

