[No. 25326. Department Two. April 3, 1935.]

CENTRAL SURETY AND INSURANCE CORPORATION, *Respondent*, v. LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, *Appellant.*[1]

[1]Reported in 43 P. (2d) 12.

354

*Preston, Thorgrimson & Turner,* for appellant.
*Poe, Falknor, Falknor & Emory,* for respondent.

MITCHELL, J.—Dilling-Vradenburg Organization, Inc., hereinafter spoken of as the Dilling company, engaged in subdividing and selling real property, and at all times herein mentioned carried automobile casualty insurance in its operations in this state, the insurance having been issued by the Central Surety and Insurance Corporation, a corporation.

Bessie Moore was employed by the Dilling company as a saleswoman, she using her own automobile; and at all times herein mentioned she carried automobile indemnity liability insurance issued by the London & Lancashire Indemnity Company of America, a corporation. While she was thus engaged, and while taking Gustav Dahl and his wife, Lena, and one Sophia Gordon, prospective purchasers of the real estate of the Dilling company, to see the property, she drove her automobile in such a negligent manner that Sophia Gordon was killed and the Dahls sustained severe personal injuries.

The Dahls brought suit for damages against Bessie

Moore and the Dilling company, and at the same time Lena Dahl, as executrix of the last will and testament of Sophia Gordon, brought suit against both defendants to recover for the wrongful death of the testatrix. The two cases were tried together in the superior court for Pierce county and resulted in nonsuits, which, upon appeal, were reversed and remanded for new trials. *Dahl v. Moore*, 161 Wash. 503, 297 Pac. 218. On the new trial in King county, to which the cases had been transferred by a change of venue, there were verdicts (reduced by the trial court and accepted by the plaintiffs) upon which judgments were entered, one in favor of Dahl and his wife for sixteen hundred dollars, the other in favor of Lena Dahl as executrix for five thousand dollars. The Dilling company did not appeal from that judgment. Bessie Moore did appeal, the result of which was an affirmance. *Dahl v. Moore*, 169 Wash. 443, 14 P. (2d) 28.

Thereafter, the insurance companies signed a written instrument, which contained recitals, in substance, referring to the pendency of the two actions in the superior court, the rendition of judgments against both companies in the amounts of sixteen hundred dollars and five thousand dollars, respectively, which, together with costs and interest, amount to $7,260.21; that the action grew out of the automobile accident described in the complaints in the two actions; that, at the time of the accident, there were in force and effect the two policies of automobile insurance (describing them); that each of the insurance companies, for various reasons, denied any liability or responsibility, under its policy, to pay the judgments or any part thereof; and that it was, upon the insistence of the state insurance commissioner, agreed by the insurance companies that the judgments be paid; the agreement, following the recitals, being as follows:

"(1) Each of the parties hereto agrees forthwith to pay to the plaintiffs in said actions one-half of said judgments, interest and costs.

"(2) Such payment by each of the parties hereto shall be without prejudice to its right to recover from the other the amount of such payment, if it be determined or adjudicated that the party making such payment was not legally responsible or liable to make the same under its policy and that the other party was legally liable or responsible for the payment of the same under its policy, and that an action will lie in the Superior Court of the State of Washington for King County by either party against the other to determine and adjudicate the differences of the parties with respect to the foregoing.

"(3) Not only does the Central Company dispute and deny any liability on its part to pay said judgments or any part thereof under its policy, but it further claims the right to recover against the defendant Bessie Moore any amount that it is required to pay or does pay upon said judgments (the defendant Bessie Moore having been the owner and operator of the automobile at the time of the accident and having been heretofore in said actions adjudicated to have been the agent and servant of the defendant, Dilling Vradenburg Organization, Inc.), and that the London Company is required under its policy to protect and indemnify Bessie Moore against such claim and to pay the same to the Central Company. The London Company disputes and denies the validity of such claims and its responsibility therefor, but it is agreed that in any action between the parties hereto to determine their differences and their respective liabilities for said judgments under their policies of insurance as hereinabove provided that the claim of the Central Company against the London Company hereinabove referred to in this paragraph shall be likewise determined and adjudicated and that before so doing the Central Company shall not be required to proceed against or recover a judgment against the said Bessie Moore nor need she be made a party to such action, it being the agreement of the parties hereto that in such action the differences and ultimate liabilities of the

parties hereto for the payment of said judgments shall be fully, finally and completely determined and adjudicated.''

The judgment creditors were paid, and shortly thereafter this action was brought by the Central company to recover from the London company the amount the Central company had paid under the agreement, and also to recover the costs and expenses it incurred in defense of the two actions.

Findings and conclusions were made by the trial court, upon which judgment was entered for the plaintiff and against the defendant for $5,309.83 and costs. The defendant, the London company, has appealed.

It is assigned that the court erred in finding that Mrs. Moore's automobile was not ''let out for hire,'' nor being ''used in the carriage of passengers for a consideration, express or implied,'' within the meaning of appellant's policy.

The finding was that, at the time of the accident, ''Bessie Moore was an agent, servant and employee of, and saleswoman representing the Dilling company and was engaged in and upon the business of said corporation.'' The finding is supported by a clear preponderance of the evidence. Indeed, it consists largely of the evidence that had been introduced and considered in *Dahl v. Moore*, 161 Wash. 503, 297 Pac. 218, wherein the facts are rather fully set out, and wherein it was held that, at the time of the accident, Bessie Moore was engaged and acting as agent of the Dilling company.

It is assigned that the court erred in entering judgment for the respondent. The argument, in effect, is that the findings, which, by reference, incorporate the two very lengthy policies of insurance, do not justify the judgment.

At the time of the accident, Bessie Moore was putting her automobile to the very use she gave as her

occupation in taking out the insurance, that is, "real estate." By the policy issued by the appellant to her, she was indemnified against liability imposed by law for damages on account of bodily injuries, including death accidentally suffered by any person or persons (other than an employee of herself) by reason of the ownership, maintenance or use of her automobile; and, in addition, the policy gave protection and indemnity to others, including the Dilling company, to recover over from her for any loss sustained by reason of her negligence as agent of the Dilling company. *Kibler v. Maryland Casualty Co.*, 74 Wash. 159, 132 Pac. 878. The limits of recovery, under the policy issued by the appellant to Bessie Moore, were five thousand dollars and ten thousand dollars—the recovery here being within those limits.

The respondent's policy, held by the Dilling company, insured against liability imposed by law upon the insured on account of bodily injuries, including death resulting therefrom, suffered by anyone or more by reason of the ownership, maintenance or use of automobiles owned by certain of the Dilling company's employees (such as Bessie Moore), and operated in the Dilling company's business. This policy in no way protected Bessie Moore individually. The indemnity provided by the policy was, by its terms, confined to the Dilling company. The limits of this policy were ten thousand dollars and twenty thousand dollars; but it was provided:

"It is understood and agreed that if there exists, at the time of the accident, a policy of insurance taken out by or effected on behalf of anyone other than the Named Assured and under the terms of which policy the Named Assured is entitled to protection and coverage, then this endorsement shall operate only as excess insurance over and above the amount of such valid and collectible insurance."

Thus it appears that the policy issued by the respondent to the Dilling company was, in fact, an excess limit policy only; that is, the Dilling company was entitled to protection and indemnity under the policy issued by the appellant to Bessie Moore, and therefore the policy held by the Dilling company was not involved unless and until liability exceeded the coverage afforded by the policy issued by the appellant. The judgments herein were within the limits of the policy issued by the appellant to Bessie Moore.

The judgment in the present case is right, considered from another standpoint. The policy issued by the respondent provides for subrogation. It says:

"In case of payment of loss or expense under this policy the Corporation shall be subrogated to all rights of the Assured against any party as respects such loss or expense to the amount of such payment, and the Assured shall execute all papers required and shall cooperate with the Corporation to secure to the Corporation such rights."

The Dilling company would be entitled to recover back from Bessie Moore whatever loss it sustained because of her negligence as its agent (39 C. J., Master and Servant, § 1514, p. 1313), and under the subrogation clause, quoted above, the respondent was subrogated to this right. Any necessity for waging an independent action against Bessie Moore to establish the liability of the appellant in this respect, was waived by the appellant in the written agreement between the parties, already quoted herein.

What has been said herein disposes adversely to appellant of its assignment that the court erred in refusing relief on its cross-complaint.

Judgment affirmed.

MILLARD, C. J., HOLCOMB, STEINERT, and BLAKE, JJ., concur.