# First Texas Prudential Insurance Company v. Lee Ryan et al.

No. 6337.  Decided May 15, 1935.
Rehearing overruled June 12, 1935.
(82 S. W., 2d Series, 635.)

*Templeton, Brooks, Napier & Brown,* of San Antonio, for plaintiff in error.

A judgment under an insurance policy contract for total and permanent disability benefits can not be sustained upon pleading and proof of temporary disability.  Lewis v. Metropolitan Life Ins. Co., 142 So., 262, 266; Home Ben. Assn. v. Brown, 16 S. W. (2d) 834; Paul v. Missouri State Life Ins. Co., 227 Mo. App., 234, 52 S. W. (2d) 437.

Judgment of the trial court decreeing the insurance contract reinstatement upon the payment of premium by plaintiff, subsequent to his recovery, is declaratory in form and as such is unknown to the jurisprudence of Texas. United States v. Hamburg-American Co., 239 U. S., 466; Frick-Reid Supply Corp. v. Meers, 52 S. W. (2d) 115; Temple Hill Dev. Co. v. Lindholm, 231 S. W., 321.

*Conger, Law & Spears,* of San Antonio, for defendants in error.

Findings of fact by the trial court which are approved by the Court of Civil Appeals as to fact questions, will not be disturbed by the Supreme Court, where there is evidence to support such findings. Owens v. Tedford, 114 Texas, 390, 269 S. W., 418; Melvin v. Kane, 277 S. W., 374; Burrell v. Michaux, 286 S. W., 176.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The trial court's findings of fact, approved by the Court of Civil Appeals, are substantially as follows:—

On September 20, 1927, plaintiff in error issued to defendant in error, Lee Ryan, aged 24, a life insurance policy in the sum of $1,000.00, naming Mary Ryan, his mother, as beneficiary, same being a twenty-year payment life policy with annual premium of $24.19, payable annually, semi-annually, quarterly or monthly. It contained a rider providing, among other things, that if no premium is in default and before the policy anniversary on which the insured's age at nearest birthday, is sixty years, the company shall receive due proof of the insured's disability, as thereinafter defined, the company will then waive the premium as it may thereafter become payable under the policy and will pay to the insured, or, if *insanity be the cause of disability,* to the beneficiary, a monthly income of $10.00, the first payment to be made upon approval of proof of disability and subsequent payments on the tenth day of each succeeding month during the continuance of such disability or until the maturity of the policy; the premiums so waived and the disability income so paid shall not be deducted from the amount of insurance and the loan and cash values shall increase from year to year as though the premiums were being paid in cash.

Total and permanent disability of the insured within the meaning of the policy is defined as either (1) Disability caused

by bodily injury or disease which totally and continuously prevents the insured and presumably will permanently prevent him from performing any work for compensation or profit or from following any gainful occupation, provided such disability has at the time of the receipt of proof thereof existed for not less than sixty days; or (2) Disability caused by bodily injury or disease which totally and continuously prevents the insured from performing any work for compensation or profit or from following any gainful occupation and has continuously so prevented him for a period of not less than six months immediately preceding the date of receipt of proof thereof.

Lee Ryan was admitted to the San Antonio State Hospital for treatment as insane on February 7, 1929, and was continuously confined in said institution from that date until May 17, 1930, when he was discharged as cured; during the period of confinement he was insane within the meaning of the policy and by reason thereof, totally and continuously prevented from performing any work for compensation or profit or from following any gainful occupation, said condition was presumably permanent and existed for more than six months before the making of proof and giving of notice thereof, such proof and notice having been made to the company on November 7, 1929.

The company attempted to forfeit the policy for failure to pay the premium due on June 20, 1929, and attempted to so notify Lee Ryan of its action in declaring said policy forfeited; plaintiff by his next friend, E. G. Le Stourgeon and George L. Conger, his attorney, used due diligence, after being informed of the condition of the policy, to make due proof of the insured's insanity, and to make demand for reinstatement thereof and for benefits thereunder, and to institute suit thereon on the company's refusal to so reinstate and pay the benefits thereunder.

Having been insane from February 7, 1929, to May 17, 1930, there would have accrued to Mary Ryan, beneficiary, at $10.00 per month, as provided in the policy, the sum of $153.33; the premium accrued from May 17, 1930, when the insured recovered his sanity, to the date of judgment below, amounts to $19.47.

Because of the company's refusal to reinstate the policy and pay the benefits thereunder, employment of counsel became necessary—$100.00 being a reasonable fee.

The suit was originally instituted by Le Stourgeon, as next friend, but on March 27, 1931, averring recovery of sanity since May 17, 1930, by amended petition, Lee Ryan, joined by his

mother, Mary Ryan, and her husband, G. C. Ryan, became plaintiffs; recovery was sought by Mary Ryan for the sum of $10.00 per month from February 7, 1929 to May 17, 1930, and by Lee Ryan for the reinstatement of said policy as of its original date and compliance with its terms and conditions and attorney's fee. He alleged readiness, ability and willingness to pay all premiums due since the time of his restoration to sanity when the policy is reinstated.

The company excepted generally and specially to the petition, plead general denial and specially that the plaintiff has never been insane but has been sane at all times and mentally capable of performing work for compensation or profit and has been so engaged at several times since February 7, 1929; that the policy lapsed because of non-payment of premium due on June 20, 1929.

Trial before the court without a jury resulted in judgment awarding Mary Ryan the sum of $153.33, reinstatement of the policy of insurance upon payment by Lee Ryan of the sum of $19.47 to cover premiums accrued since May 17, 1930, and recovery by him of the sum of $100.00 for attorney's fees incurred by him, which judgment was affirmed by the Court of Civil Appeals. 48 S. W. (2d) 750.

## OPINION

1 1st. The findings of fact, supported, as they are, by evidence are conclusive on us.

Plaintiff in error misconstrues the effect of the opinion of the Court of Civil Appeals, on motion for rehearing, wherein it is said:—"Neither the findings of fact nor the conclusions of law were excepted to by appellant, and they reflect the testimony and the law appropriate to them, and they are binding upon appellant. The latter knew the condition of Lee Ryan, knew that no premiums were due and yet made an attempt in violation of the terms of the contract to destroy the same." Plaintiff in error erroneously contends, "it is evident therefrom that the Court of Civil Appeals refused to review such findings of fact and conclusions of law."

In Temple Hill Development Co. v. Lindholm, 231 S. W., 321 (Com. App.), it was held that where trial is before court without jury and judgment is excepted to, it is not necessary that exception be also taken to the court's findings of fact and conclusions of law as a prerequisite to review under due assignments of error; it was held also, that findings of fact are

not conclusive on appeal where a statement of facts appears in the record.

In that case (212 S. W., 984) the Court of Civil Appeals affirmed the judgment of the trial court without determining whether the facts support the judgment, or without testing the court's fiindings by the evidence as disclosed by the statement of facts. The cause was remanded to the Court of Civil Appeals to pass on the sufficiency of the evidence to support the judgment.

In the instant case, a statement of facts appears in the record, and the Court of Civil Appeals not only adopted certain findings of fact as made by the trial court, but in the last paragraph of its main opinion, said,—"The sixth, seventh, eighth and ninth propositions assail the findings of fact, and are overruled. *The facts fully sustain the findings of the trial judge,*" thus expressly negativing the contention of plaintiff in error, and expressly sustaining the findings of the trial court; the conclusion is inescapable that the approval necessarily followed a consideration of the statement of facts. Again, the court states, on motion for rehearing that the findings, though not excepted to, reflect the testimony, which conclusion could, of course, not have been reached, unless the court had considered the testimony.

2 2nd. When a policy is wrongfully cancelled by the insurer, the insured may compel its reinstatement by proper proceeding in equity. 3 Joyce Law of Insurance (2d Ed.), p. 2808, 6 Couch Cyc. Ins. Law, p. 5066; Id., Vol. 8, p. 6517; 5 Cooley's Briefs on Insurance (2d Ed.), p. 4692; 32 C. J., p. 1263, par. 461; 14 R. C. L., p. 1014.

For a wrongful cancellation for non-payment of premiums the insured is entitled to have the policy declared in force upon the premiums due being paid. 6 Couch Cyc. Ins. Law, p. 5069.

Insurance policies are contracts governed by the same rules as other contracts. 24 Texas Jur., 696; 8 Couch Cyc. Ins. Law, p. 6510. A court of equity may set aside a forfeiture and may compel specific performance of agreements with reference to such policies. 24 Texas Jur., p. 1189, par. 344, 345; Republic Insurance Co. v. Poole, 257 S. W., 624.

The company declared the policy cancelled at a time when the insured was insane, because of non-payment of a premium installment, contrary to its own provisions that in case of the insured's insanity, such payments are waived; the attempted cancellation was therefore inoperative and the policy remained

in force during the entire period of the insured's insanity, the premium payments being waived and forgiven.

Forfeiture conditions contained in an insurance policy must be strictly construed against the insurer. Dumphy v. Assurance Co., 107 Texas, 107, 174 S. W., 814; Phoenix Insurance Company v. Trust & Savings Bank, 248 S. W., 819. An insane person is incompetent to surrender or assent to a surrender of a policy on his own life. 8 Couch Cyc. Ins. Law, p. 5060.

3 3d. Plaintiff in error argues here that the policy became ineffective for the reason that premiums were not paid by the insured after his restoration to sanity. No such contention seems to have been made in the trial court. Plaintiff in error plead lapsing of the policy solely and only because of "the non-payment of premiums due on the 20th day of June, 1929; that though due notice was given of the due date of the premium, as set out in the policy of insurance, the plaintiff failed and refused to pay the same and knowingly permitted the policy to lapse at that time." Plaintiff in error is confined to the ground for cancellation specifically plead by it and other grounds, not plead, can not be considered.

At that time the insured, as found by the court, was insane, and under the terms of the policy then owed no premium and therefore such attempted cancellation was futile and the policy remained in force.

The record discloses no subsequent attempt to cancel the policy for any subsequent default by the insured after his restoration to sanity and none is plead.

It does appear, however, that in the petition upon which the case was tried, the insured offered to pay all premiums legally due by him since his recovery and the trial court in its judgment made provision therefor.

4 When either party to a contract gives notice to the other that he will not comply with its terms, ordinarily the other need not in action thereon allege or prove tender of performance. National Life Ins. Assn. v. Eggleston, 195 S. W., 942; 32 C. J., 1307, par. 544; 62 C. J., 657, par. 5.

It would have been useless for the insured to have tendered in actual cash, each premium payment, pendente lite, in view of the company's treating the policy as cancelled—the entire controversy being then pending in a court competent to give proper relief to all parties. If, as insisted by the company, the policy was cancelled, the insured owed no premiums; if, as insisted by the insured, the policy had not been legally cancelled, he offered to pay such premiums. Whether the policy

had or had not been legally cancelled was the justiciable question involved in the case and of course the offer to do equity by paying the premiums when the amount thereof might be ascertained and accruing in the future, was all that could be required of the insured. Ball v. Belden, 126 S. W., 20; Moore v. Brown, 46 Texas Civ. App., 523, 103 S. W., 242; Westchester Ins. Co. v. Robinson, 192 S. W., 793; Gardner v. Randell, 70 Texas, 453, 7 S. W., 781; 58 C. J., 1163, par. 488.

We are of opinion that a correct judgment was rendered in the trial court and correctly affirmed by the Court of Civil Appeals, and said judgments are affirmed.

Opinion adopted by the Supreme Court May 15, 1935.

(Rehearing overruled June 12, 1935.)