### EXCELSIOR MUT. LIFE INS. CO. v. HUNTER et ux.

#### No. 2022.

Court of Civil Appeals of Texas. Waco.

Oct. 13, 1938.

Rehearing Denied Nov. 10, 1938.

W. J. Durham, of Sherman, and R. Q. Mason, of Dallas, for appellant.

Roark, Ford, Wade & Duke, of Dallas, for appellees.

ALEXANDER, Justice.

This suit was brought by Elzira Hunter and her husband against Excelsior Mutual Life Insurance Company to recover on a life insurance policy issued on the life of Betsie A. Linner and payable to said Elzira Hunter, who was a daughter of the insured. The only material question in the case is whether or not the policy had lapsed for failure to pay premiums. The jury resolved the issue in favor of the plaintiffs and judgment was entered accordingly. Defendant appealed.

Appellant assigns as error the refusal of the trial court to give an instructed verdict in its behalf on the ground that the undisputed evidence showed that the policy had lapsed for failure to pay the premiums. The policy provided for a weekly premium of 24 cents per week with a grace period of four weeks. Defendant's collector testified that the last premium received by him on the policy was paid on September 2, 1935 and that said payment covered premiums up to and including the week beginning August 26, 1935. Elzira Hunter testified positively that she paid the premiums for each of the months of September, October and November, 1935 in advance as they matured. Admittedly she paid the collector $1.16 on December 11, 1935, but at that time the collector claimed that the policy had lapsed and required the beneficiary to sign an application for reinstatement. Under the terms of said application the policy was not to be reinstated unless the insured was then in good health. Later, the company claimed that the insured could not be found at the address given for the purpose of an examination and refused to reinstate the policy. Plaintiff then went to the office of the insurance company on January 15, 1936 and offered to pay the premium due for the month of January 1936, together with those that would accrue in February and March, but the company refused to accept any further payments, asserting that a forfeiture had occurred. The insured died on March 23, 1936. The jury found that the premiums were paid on the policy up to and including the month of November 1935, and that on January 15, 1936, the plaintiff Elzira Hunter offered to pay the premium for the month of January 1936, but that the insurance company refused to accept same.

The positive testimony of Elzira Hunter that she paid the premiums for the months of September, October and November was sufficient to take that question to the jury. Admittedly, enough was paid to the company in December to cover the premium for that month. If all prior premiums had been paid, as testified to by Elzira Hunter, and she tendered the January premium during that month and the company refused to accept same, contending that the policy had lapsed for failure to pay prior premiums, the insured was not required to continue to tender subsequently accruing premiums, at least in the absence of notice of a change of attitude on the part of the company. 24 Tex.Jur. 870; First Texas Prudential Ins. Co. v. Ryan, Tex.Civ.App., 48 S.W.2d 750, par. 1; Id., 125 Tex. 377, 82 S.W.2d 635, par. 11; Myers v. Jefferson Standard Life Ins. Co., Tex.Civ.App., 271 S.W. 217.

The judgment of the trial court is affirmed.