## GREAT AMERICAN INDEMNITY CO. v. McMENAMIN et al.

### No. 10626.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 29, 1939.

Rehearing Denied Dec. 30, 1939.

John P. Giles, Nat L. Hardy, Johnson & Rogers, and T. M. West, all of San Antonio, for appellant.

Eskridge & Groce, of San Antonio, for appellees.

MURRAY, Justice.

F. J. McMenamin instituted this suit in the 73rd District Court of Bexar County against Great American Indemnity Company, seeking to recover the sum of $3,-000.00, alleged to be the amount due on the judgment in a certain cause styled F. J. McMenamin v. Paramount Pictures Distributing Company, Inc., and being cause No. B–84724, in the 45th District Court of Bexar County. McMenamin sought to recover from the Great American Indemnity Company as the insurance carrier of a certain automobile operated by one L. C. Lowe in the course of his employment by Paramount Picture Distributing Company, and with which automobile McMenamin had a collision in the State of Tennessee.

Josh H. Groce intervened in the suit, setting up that he had acquired, by purchase, an eleven-twelfths interest in the judgment and was entitled to recover eleven-twelfths of the amount due on the judgment. It is apparent that Josh H. Groce, in purchasing an eleven-twelfths interest in the judgment, did so largely in the interest of the Employers' Liability Assurance Corporation, Ltd., he being an attorney for such corporation in connection with the matters out of which the original controversy arose.

L. C. Lowe was a traveling salesman for the Paramount Pictures Distributing Company, Inc., which shall hereafter be referred to as Paramount Pictures. Lowe traveled in an automobile owned by himself. Lowe carried an insurance policy on his car with the Great American Indemnity Company, which will hereafter be referred to as Great American, and his employer, Paramount Pictures, carried a policy covering all automobiles not owned by Paramount Pictures, but used by its employees in its business. The Great American contends, among other things, that its policy was not to be resorted to, due to the policy of the Employers' Liability Assurance Corporation (hereinafter referred to as Employers' Liability), while the Employers' Liability contends that its policy was not to be resorted to, due to the policy of the Great American.

The trial was before the court, without the intervention of a jury, and the court rendered judgment against the Great American for the sum of $3000.00, together with interest, and apportioned it eleven-twelfths to Josh H. Groce and one-twelfth to F. J. McMenamin, from which judgment the Great American has appealed.

The trial judge made findings of facts and also additional findings of facts, which will be here copied:

"On September 23, 1935, L. C. Lowe was the owner of an Oldsmobile automobile, and on such date a policy of public liability insurance was issued to him covering such vehicle by the Great American Indemnity Company, and thereafter, on March 18, 1936, near the town of Crab Orchard, Tennessee, while L. C. Lowe was operating such automobile while acting within the course of his employment for Paramount Pictures Distributing Company, Inc. was involved in an automobile accident in which Margaret McMenamin, the wife of F. J. McMenamin, was injured, and as a result of such accident the said Margaret McMenamin subsequently suffered a miscarriage.

"At the time of such accident the said L. C. Lowe was operating his automobile on the wrong side of the road and failed to keep a proper lookout and was, therefore, liable to F. J. McMenamin for such damages as were sustained by Margaret McMenamin, and I find that at the time of the accident none of the exceptions provided in the policy applied.

"Immediate notice was given of the accident to the Great American Indemnity Company and the Great American Indemnity Company investigated the case but failed to consummate a settlement, although settlement negotiations were inaugurated.

"Within a week after the accident L. C. Lowe reported such accident to Paramount Pictures Distributing Company, Inc. but Paramount, knowing that the Great American Indemnity Company was investigating and handling the matter, and further being under the impression that the damages were trivial, did not make any reports of such accident to any insurance companies.

"At the time of the accident there was in full force and effect a non-ownership policy covering the liability of Paramount in the Employers Liability Assurance Corporation, but such policy required immediate written notice of the accident, and such notice was not given by Paramount to Employers' Liability Assurance Corporation for the reasons above stated.

"Thereafter, in October 1936, suit was instituted by F. J. McMenamin against Paramount Pictures Distributing Company,

Inc., in San Antonio, Texas, but since no service could be had on L. C. Lowe in Texas, L. C. Lowe was not made a party defendant.

"The citation in said suit was tendered to the Great American Indemnity Company because the policy of the Great American Indemnity Company provided extended coverage for any organization legally responsible for the operation of such automobile, but the Great American Indemnity Company denied any obligation to Paramount on the sole grounds that Paramount had other valid and collectible insurance and that, therefore, the omnibus coverage did not apply, in accordance with the terms of the policy herein on file.

"That in order to prevent a default the attorneys for Employers' Liability Assurance Corporation filed an answer in said cause, but Employers' Liability Assurance Corporation reserved its rights to deny liability to Paramount, and Paramount agreed to such reservation of rights.

"Thereafter a trial was had of such cause and judgment was rendered in favor of F. J. McMenamin against Paramount Pictures Distributing Company, Inc., in the sum of $3000, and an 11/12 interest in such judgment was thereafter purchased by Josh H. Groce, attorney for Employers Liability Assurance Corporation, by the payment of the sum of $2250, and Josh H. Groce attorney for Employers' Liability Assurance Corporation became the owner of an 11/12 interest in such judgment; F. J. McMenamin remaining the owner of the other 1/12 interest."

### Additional Findings of Fact

"(1) I find that immediately upon the happening of the accident the said L. C. Lowe admitted the fact that he was on the wrong side of the road at the time of the accident, and that he had failed to keep a proper lookout, which were the true facts, and because of such facts he expressed his opinion that he was at fault; but I further find that at such time the said L. C. Lowe was acting individually and that such admissions of fact were not made while acting within the course of his employment for Paramount Pictures Distributing Company; and I further find that the Great American Indemnity Company was under obligation to investigate the circumstances surrounding the happening of the accident, and that if they failed to ascertain the fact that L. C. Lowe had admitted the true facts at the time of the accident to F. J. McMenamin such was their own fault, and that such facts could have been ascertained by the Great American Indemnity Company by investigating this case with reasonable diligence.

"(2) I further find that L. C. Lowe did not in any manner undertake to aid and abet F. J. McMenamin in fixing liability under the policy of the Great American Indemnity Company."

By its first proposition appellant contends that appellee McMenamin, by accepting the sum of $2250.00, fully and completely settled the judgment he had obtained in cause No. B–84724, and could not thereafter assign an eleven-twelfths interest in such judgment to Josh H. Groce, or any one else. We overrule this contention. It is true that the draft delivered and endorsed to McMenamin by Josh H. Groce contained the following provision, to-wit: "Endorsement by payee, or deposit in bank for account of payee, is acknowledgment by payee of acceptance of this draft in full settlement of the following account, $2250.00."

It is shown that the draft was both endorsed and deposited in the bank for payment. However, Josh H. Groce was payee in this draft and not McMenamin. There is no description of the account to be settled by the draft, a blank space was left for such purpose but not filled in. From the draft itself and all the surrounding facts and circumstances, it is clearly shown that this draft was not transferred by Josh H. Groce to McMenamin in full settlement of the judgment, but in consideration of a purchase of an eleven-twelfths interest in such judgment.

Appellant's next proposition is without merit and is overruled. No special exceptions were directed to the petition of intervention and in the absence of special exceptions the petition will be liberally construed in intervener's favor.

The evidence is sufficient to show that the automobile driven by Lowe at the time of the collision was the same automobile covered by the policy issued by the Great American, and appellant's contention to the contrary is overruled.

Appellant next contends that L. C. Lowe violated the provisions of his policy when he voluntarily admitted that he was on the wrong side of the road, and that the collision was his fault, and, further, by

giving McMenamin an order to a garage to have his car repaired. We overrule this contention. It seems that Lowe admitted nothing more than the true facts. We cannot conceive of a true statement as to how a collision occurred being sufficient reason for avoiding a policy of public liability insurance. It is true that Lowe agreed to pay for the repairs to McMenamin's automobile, but this suit is not for any damages to McMenamin's car, but for personal injuries to his wife.

We now come to the real crux of this lawsuit, which is the contention of both insurance companies that their policy was, under all the circumstances, "excess insurance," or, in other words, that their policy was to be resorted to only after the policy of the other company had been exhausted. We conclude that the policy issued by the Employers' Liability was properly held by the trial court to be excess insurance, and could only be resorted to after the limit of the policy issued by Great American had been reached.

█ Great American refused to defend the original suit for the sole and only reason that it contended through its attorney that its policy did not contain an omnibus clause, and that, therefore, Paramount Pictures could claim no benefits under this policy, Lowe being the named insured. Employers' Liability investigated and found out that the policy did contain an omnibus clause, and with this knowledge defended the suit and furnished the sum of $2250.00 for the purchase, by its attorney, of an eleven-twelfths interest in the judgment. The Great American having denied liability under its policy for a specific reason, and Employers' Liability having acted as it has relying upon such statement, the Great American has waived its right to now deny liability for other and different reasons. National Aid Life Association v. Murphy, Tex.Civ.App., 78 S.W.2d 223, 227.

Furthermore, the Paramount Pictures having failed to notify Employers' Liability of the accident, and this having been brought about to some extent by the fact that the Great American having apparently assumed liability, having begun an investigation of the collision, and having attempted a settlement of the same, it is very doubtful whether or not there would be any other insurance policy to which Paramount Pictures could look for protection other than the policy issued by Great American.

Independent of the above matters, we construe the policy of Great American as being the primary insurance and that of Employers' Liability excess insurance, only to be resorted to after the limit of the Great American policy had been reached. The Employers' Liability policy was what may be called a "non-ownership" policy of automobile public liability insurance and contained the following provision, to-wit: "If any assured, other than the named assured is covered by other valid and collectible insurance against the loss covered hereby, such assured shall have no insurance under this policy."

Said policy further provides as follows: "It is understood and agreed that if there exists at the time of the accident a policy of insurance taken out by or effected on behalf of any one other than the named assured, and under the terms of which policy the named assured is entitled to protection and coverage, then this policy shall operate only as excess insurance over and above the amount of such valid and collectible insurance."

█ Paramount Pictures did not own the automobile operated by Lowe, which collided with the automobile of McMenamin, nor did the policy specifically cover such car, it was only taken out to protect Paramount Pictures against liability arising from a collision of any automobile which might be used at the time in the furtherance of its business, and such policy further provided that such insurance should be regarded as excess insurance in the event there was other insurance such as Lowe was carrying on his own automobile. The provisions contained in the policy issued by Great American are not sufficient to render it "excess insurance," and that of Employers' Liability primary insurance. When all the facts and circumstances are taken into consideration, as well as the provisions of the two policies, it is plain that just the opposite was intended. Continental Casualty Co. v. Curtis Pub. Co., 3 Cir., 94 F.2d 710; Central Surety & Insurance Corp. v. London & Lancashire Indemnity Co. of America, 181 Wash. 353, 43 P.2d 12; Michigan Alkali Co. v, Bankers Ind. Ins. Co., 2 Cir., 103 F.2d 345; Clements v. Preferred Accident Ins. Co., 8 Cir., 41 F.2d 470, 76 A.L.R. 17; Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 110 A.L.R. 529; Couch on Insurance, § 186; Philadelphia Underwriters', etc. v. Moore, Tex.Com.

738

App., 229 S.W. 490; First Texas Prudential Ins. Co. v. Ryan, Tex.Com.App., 82 S.W.2d 635; Burns v. Bankers' Life Co., D.C., 24 F.2d 714; General American Life Ins. Co. v. Day, Tex.Civ.App., 89 S.W.2d 1012; National Standard Fire Ins. Co. v. Hubbard, Tex.Civ.App., 31 S.W.2d 859.

It is further contended by appellant that the judgment rendered in cause No. B–84724 was an agreed judgment and therefore amounted to an assumption of liability by Paramount Pictures and its liability was thereby waived. We overrule this contention. It is shown that evidence was introduced sufficient to support the judgment rendered. It is true that the attorney for McMenamin stated that he was not asking for a judgment in excess of $3000.00, and the attorney for Paramount Pictures stated that if the judgment was not in excess of $3000.00 there would be no appeal. This instance would not render the judgment an agreed one.

All other contentions made by appellant are without merit and are overruled.

The judgment is affirmed.

SLATTON, J., did not participate in the decision of this case.