The FARMERS MUTUAL PROTECTIVE ASSOCIATION OF TEXAS, Appellant,

v.

Ira L. PACK, Sr., Appellee.

No. 11801.

Court of Civil Appeals of Texas, Austin.

March 10, 1971.

Rehearing Denied April 7, 1971.

Geo. E. Kacir, West, for appellant.

Ellett & Camp, Robert L. Ellett, Cameron, for appellee.

PHILLIPS, Chief Justice.

Appellee brought suit under a fire insurance policy against the Appellant, a Farm Mutual Insurance Company (Chapter Sixteen, Art. 16.01 et seq., Insurance Code, V.A.T.S.) for the loss of a house by fire. Trial was to the court and from an adverse decision, Appellant-Association has perfected its appeal to this Court.

We affirm.

Appellee Pack had carried fire insurance with Appellant-Association on a dwelling house and out-buildings on his farm near Buckholts, Milam County, Texas since 1961. In 1965 Appellee lost a barn by fire on the Buckholts farm and the loss was investigated by Appellant's appraiser, Marek, who had Appellee sign a blank proof of loss. This claim was paid by Appellant without question.

In the Fall of 1967, Appellee told Marek, the appraiser, Jurca, the secretary, and Tomasek, the treasurer, all officers of the local lodge which represents Appellant-Association, that he had sold his farm but had retained his farm house. He explained that he was moving the farm house to Cameron, Milam County, Texas and that he wanted to cancel his insurance on the outbuildings but that he wanted to keep the house covered. Marek then told Appellee that he would have to have the house reappraised and Marek then gave Appellant the proper application for the reappraisal. Appellee signed the application, gave it back to Marek and then paid the required insurance premium for one year.

Shortly thereafter the house in question was moved to Cameron. Appellant's secretary, treasurer and appraiser were all aware that the house had been moved. One year later Appellant paid the premium for another year and the premium was accepted by Appellant's local treasurer with full knowledge that the house had been moved some ten months previously.

In May 1969 the house was totally destroyed by fire. Immediately, Appellee had the Association's appraiser Marek inspect the remains of the house and Appellee signed the required proof of loss form.

Appellant's points of error which we will discuss together are, that the Appellee did not plead nor prove fraud or mistake or that he was misled, that no change in the policy or bylaws was effective without written endorsement (this latter point refers to the policy provision that the property is insured only while located where it was when it was insured, that a new inspection must be made of a building that has been moved and that proof of loss must be submitted), that any waiver on part of Appellant had to be in writing and that there was no writing to this effect, that Appellee had stipulated that there was no waiver in writing. The Appellant also has points objecting to the ruling of the court that knowledge of the facts in question were imputed to the home office

through its agents, mentioned above, when under the contract of insurance and the bylaws waiver had to be in writing and that there is either no evidence or insufficient evidence to sustain either waiver or estoppel.

We overrule these points.

Appellant pleaded waiver. The abovementioned acts of the Appellant's agents as treating the insurance contract as being alive and in force constituted a waiver of any of the abovementioned defects alleged by Appellant. That was the holding of this Court in a case with similar facts. Germania Mutual Aid Association v. Trotti, 318 S.W.2d 918 (Tex.Civ.App. Austin, 1958, no writ). In *Germania* we held that knowledge of an insurance agent is imputed to the insurer and binds it even though its bylaws expressly prohibited any waiver by an agent.

In addition, this case can be affirmed that Appellant's agents by acceptance and retention of Appellee's premiums over more than a full year's period with full knowledge of all the facts constituted waiver on Appellant's part of any alleged deficiencies of compliance on the part of Appellant. Modern Woodmen of America v. Harper, 127 Tex. 489, 94 S.W.2d 156 (Commission of Appeals, Section B, 1936).

Another theory for affirmance is that Appellee. Modern Woodmen of America plied with the provisions of the insurance contract. The provision of the bylaws regarding reappraisal of moved property is Section 38, which reads as follows:

"Section 38—If a member moves insured property and also if he transfers from one local lodge to another local lodge, he must have such removed personal property reappraised by the local lodge appraiser within 30 days after such removal and the local appraiser must report by postal card or letter or by new application within five days after such re-appraisal to the Supreme Secretary.

Such member pays the appraiser for his services as directed in Section 71. The member also has the privilege after any such removal of insured property of reporting the same by written statement, sworn to before a notary public, or signed by the member and two witnesses, reporting within 30 days of such removal that the removed property is still insurable for the amounts stated in his policy."

Appellee notified the appraiser within time that he was moving the insured property and signed the application given him by the appraiser to have the property reappraised. The appraiser then filled in the rest of the application and mailed it to the home office. Appellee also signed a proof of loss when the building burned and left it with the appraiser Marek. Due to the fact that the parties hereto are all farmers, know one another well and know one another's farms, there is a strong inference, from reading the testimony, that the appraiser Marek knew very well what the damage to the building was and that all material facts were well known to all of the parties involved—including the fact that Appellee had paid his premiums. The evidence discloses that Appellee did just about what anyone else in that community would have done under similar circumstances. It is fundamental that contracts of insurance are to be strictly construed in favor of the insured, 32 Tex.Jur.2d, Insurance, p. 121, Sec. 60 and the cases cited therein. It is also fundamental that provisions inserted in a policy to defeat or forfeit the insurance will be strictly construed against the insurer. First Texas Prudential Insurance Co. v. Ryan, 125 Tex. 377, 82 S.W.2d 635 (Comm.App.1935).

We also overrule Appellant's point that there was insufficient evidence that the loss was total.

The judgment of the trial court is affirmed.

Affirmed.