## SOUTHLAND LIFE INS. CO. v. LAWSON.

### No. 2123.

Court of Civil Appeals of Texas. Waco.

Oct. 5, 1939.

Rehearing Denied Oct. 26, 1939.

Malone, Lipscomb, White & Seay, of Dallas, Felix Atwood, of Ennis, and Lewis T. Carpenter, of Dallas, for appellant.

Frank Cusack, of Dallas, for appellee.

ALEXANDER, Justice.

This is a suit upon a life insurance policy. The policy contained a provision for automatic forfeiture for failure to pay quarterly premiums as they matured. The premium due November 11, 1936 was not paid prior to the death of the insured on January 11, 1937, but it was tendered to one Cowart on November 8, 1936, and the beneficiary under the policy contends that the insurance company, on account of its previous conduct, is now estopped to deny the authority of Cowart to accept payment of the premiums.

Cowart's office was at Midlothian. He represented the insurance company under a written contract which authorized him to receive and transmit applications for life insurance and to deliver policies where forwarded to him by the company and collect and remit the first premiums thereon. He was expressly denied the right to alter or change the terms of the policies or to waive compliance with any provisions thereof. The policy provided that the premiums "were payable in advance at the Home Office of the Company or any designated collector upon delivery of a receipt signed by the president or secretary of the company and countersigned by the collector." Premium notices customarily sent to the assured contained a like provision and expressly provided that no agent should have authority to waive any of the provisions of the policy. Cowart had never been furnished with premium receipts for delivery to policy holders. Prior to November 1936, five quarterly premiums on the policy in question had been paid to Cowart and he had forwarded to the company his check therefor. It was his practice to receive from others premiums due on their policies and transmit same to the insurance company. The company had never rejected any of the premiums so paid, nor notified the insured or the beneficiary named in the policy not to pay their premiums to Cowart. On November 9, 1936, the beneficiary went to Cowart and tendered to him the premium due November 11, 1936, but Cowart refused to receive same on the ground that the beneficiary did not have with her the premium notice showing the amount due and the number of the policy on which it was payable. There was evidence, however, that on at least one previous occasion he had received and transmitted one of the premiums on the policy in question without having the premium notice. The insured died on January 11,

1937, without ever having paid the premium due on November 11, 1936. Based on the foregoing facts, the trial court found that the defendant had waived the provision of its policy to the effect that the premiums could be paid to a designated agent only upon delivery by such agent of a receipt signed by the president or secretary, and held that the company was estopped to claim that its agent Cowart did not have authority to receive payment of the premiums.

It is a very well established rule that the provisions of an insurance policy requiring that the premiums be paid at the home office or to a designated agent upon delivery of a receipt signed by an officer of the company is for the benefit of the insurance company and that compliance with such provisions can be waived by the company. It is also a well established rule that if the company customarily allows its premiums to be paid in a given way or to a designated agent with limited authority, and the course of dealings between the policy holder and the insurance company is such as to reasonably lead the policy holder to believe that the method or place of payment is satisfactory to the insurance company, the latter is estopped to declare a forfeiture for non-payment of the premium where the premium has been paid or tendered in good faith in keeping with such previous course of dealings. 24 Tex.Jur. 885, sec. 152; Manhattan Life Ins. Co. v. Fields, Tex.Civ.App., 26 S.W. 280; Supreme Lodge K. P. v. Hooper, Tex.Civ. App., 282 S.W. 867, pars. 1 & 3; Border State Life Ins. Co. v. Monk, Tex.Civ.App., 103 S.W.2d 825, par. 4; Postal Indemnity Co. v. Rutherford, Tex.Civ.App., 49 S.W. 2d 1115.

We think the facts in this case are such as to justify the trial court's finding that the insurance company had waived compliance with the provisions of the policy above referred to, and that it had so conducted itself as to lead the insured and his beneficiary to believe that payment of the premiums to Cowart was satisfactory. Cowart was an agent of the company with authority to collect and remit the first premiums. He was not specifically authorized nor denied the right to collect subsequent premiums. For a long time he had collected and remitted such premiums due on other policies. On five previous occasions he had received and remitted the premiums due on this policy. On each

occasion the company, with full knowledge of all the facts, had accepted the premium and forwarded a receipt therefor directly to the insured. It made no complaint to either the agent or the insured of the method of payment. Under these circumstances, we think the insured and his beneficiary were justified in believing that it would be satisfactory with the company to pay the premiums to Cowart.

■ Since Cowart, under the custom pursued by the insurance company, was authorized to receive and accept payment of the premium and since the premium was tendered to him in good faith within the time provided for in the policy, the company was not authorized to declare a forfeiture because of the failure to pay such premium. 24 Tex.Jur. 869; Sovereign Camp W. O. W. v. Davis, Tex.Civ.App., 268 S.W. 523; Excelsior Mutual Life v. Hunter, Tex.Civ.App., 120 S.W.2d 905.

The judgment of the trial court is affirmed.

GEORGE, J., took no part in the consideration and disposition of this case.