## SOUTHLAND LIFE INS. CO. v. LAWSON.
### No. 2123.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1939.

Malone, Lipscomb, White & Seay, of Dallas, Felix Atwood, of Ennis, and Lewis T. Carpenter, of Dallas, for appellant.

Frank Cusack, of Dallas, for appellee.

ALEXANDER, Justice.

In our original opinion we said: "On each occasion the company, with full knowledge of all the facts, had accepted the premium and forwarded a receipt therefor either directly to the insured or to Cowart for delivery to him."

Counsel has called to our attention the fact that all of these receipts were sent directly to the insured. Consequently, the foregoing sentence is changed so as to read: "On each occasion the company, with full knowledge of all the facts, had accepted the premium and forwarded a receipt therefor directly to the insured." [132 S.W.2d 301, 302.]

The appellant seems to think that we have held that a custom once established cannot be subsequently changed by agreement of the parties. It was not our intention to so hold. Certainly, before a custom is acted on by either party, it may be changed by mutual agreement. In the case at bar, however, the beneficiary tendered the premium to Cowart before receipt of notice of a desire to change the custom. Consequently, we held that the tender made at the usual and customary place was sufficient to prevent a forfeiture. See in this connection Manhattan Life Ins. Co. v. Fields, Tex.Civ.App., 26 S.W. 280.

Appellant's motion for rehearing is overruled.

GEORGE, J., took no part in the consideration and disposition of this motion.