## GAITHER v. GAITHER.

### No. 15167.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 27, 1950.

Rehearing Denied Dec. 1, 1950.

136

Robert 'L. Dalby, of Texarkana, for appellant.

Patman and Shiffer, of Texarkana, for appellee.

HALL, Justice.

Appellant Boyd Gaither sued his stepmother, appellee Annie Gaither, in the district court of Bowie County, Texas, in trespass to try title to a certain 67 acre tract of land located and situated in said County, and also for recovery of personal property, about which there is no controversy here.

It was agreed between the parties that C. O. Gaither, deceased husband of appellee and father of appellant, was the common source of title.

Appellant submits his claim of title to the land upon a general warranty deed executed by C. O. Gaither and appellee Annie Gaither, dated August 31, 1936, naming appellant as grantee.

Appellee entered a plea of not guilty and, among other defenses, plead mutual mistake and prayed for reformation of the deed by granting to her a life estate in the property according to intention of all parties to the transaction, that such reservation was to have been set out in the deed.

Trial was to a jury and in answer to special issues submitted to it, the court rendered judgment for appellee, reforming the deed by inserting therein a life estate to her. Hence this appeal by appellant, consisting of thirteen points of error.

· In answer to issues propounded to it, the jury found the following:

(1) That appellant and appellee agreed prior to the date of the deed in question as to the terms of the deed to be made by Mrs. Annie Gaither and her husband, C. O. Gaither, to appellant to the land in question.

(2) That appellee and appellant agreed prior to the date of the deed in question that its terms should include a reservation that appellee was to have a life estate in the land conveyed.

(3) That such life estate reservation was omitted from the deed by mistake of the scrivener.

(4) That appellee believed when she acknowledged the deed that such deed contained a life estate reservation.

(5) That the deed did not set out the agreement as between appelleee and appellant.

(6) That appellant at the time he accepted the deed in question did not believe that same conveyed to him a full and absolute title to the land in question.

The testimony shows that appellee and appellant's father were married and lived on this tract of land as their homestead for several years prior to the execution of the deed. Appellee testified she had conversations with her late husband and appellant relative to the reservation of a life estate by her and her husband in the property which they were deeding to appellant; that in said conversations appellant neither agreed nor disagreed to the reservation but it was her understanding by his silence he was accepting the terms of the life es-

tate reservation; that she thought the reservation was in the deed or she would not have signed it. She also testified she did not learn that the deed did not contain said life estate reservation until this suit was filed; that she and her husband continued to live on the place after their execution of the deed, unmolested by appellant; that her husband died two years prior to the time suit was filed by appellant, during which time she remained in possession of the property and lived on it. She further testified she allowed appellant to receive rents and benefits from the property in exchange for additional improvements.

The scrivener testified, in answer to a question propounded to him as follows: "When I went to take the acknowledgment I just asked her,—I said, 'Mrs. Gaither, do you understand the nature of the deed or instrument you are signing?' and she said 'Yes, I think I do. Isn't this the deed that we are making to Boyd,' and I said, 'Yes, it is.' If she could explain it to me I knew she knew it, and I said, 'Yes, that is right. In this deed you are conveying this place to Boyd, and in turn he is to make certain improvements which you already know about, I suppose; and then you are to live here and when both of you die he gets the place;' and she said 'Yes, I think that is fair and that is the way Mr. Gaither explained it to me.'"

It is undisputed that the land in question was the separate property of appellee's deceased husband, but she does not defend upon homestead rights, even though the facts show it was the only real estate her deceased husband had and they were living on it as their homestead.

 We think the above testimony was sufficient to make out a case as to mutual mistake between the parties to the deed. Appellant plead, among other defenses, the four year statute of limitation, and since limitation begins to run against the right to reform a deed from the date of its execution and delivery (36 Tex.Jur. p. 765), and the burden of proof being on the party who seeks reformation to prove the alleged mutual mistake between the parties to said instrument (36 Tex.Jur. p. 779), we find the trial court erred in not submitting the

issue of limitation to the jury, that is, as to when appellee discovered the mutual mistake, or by reasonable diligence should have discovered same, or on what date a person of ordinary prudence would have discovered such mistake.

Since the case is to be retried and if the pleadings remain the same, we believe there should be submitted to the jury also the question of whether or not C. O. Gaither, one of the grantors, agreed a life estate should have been reserved in the deed and that it was his belief and understanding the same was in the deed at the time he executed it; there is evidence in the record indicating otherwise.

In order to reform a deed for mutual mistake, the mistake must have been made by all parties to the instrument, 36 Tex.Jur. pp. 746-747; Tunnell v. Neill, Tex. Civ.App., 33 S.W.2d 530, it being the law that a unilateral mistake is not ground for affording relief to the party who was mistaken where the other party in no way induced it (36 Tex.Jur. p. 750), appellee herein not relying upon fraud.

The case is reversed and remanded.