**Merced CANTU et ux., Appellants,**

v.

**SOUTHERN LIFE & HEALTH INSUR- ANCE COMPANY, Appellee.**

No. 13982.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 19, 1962.

J. Earl Barnhouse, Alice, for appellants.

Perkins, Floyd, Davis & Oden, Alice, for appellee.

BARROW, Justice.

Appellants, Merced Cantu and Josefina Cantu, filed suit on a life insurance policy in the amount of $500.00, providing for double indemnity for accidental death. Appellee insurance company contended that the policy in question had lapsed for nonpayment of premium prior to the death of appellants' son, the insured. At the conclusion of appellants' case, the trial court granted appellee's motion for instructed verdict and rendered judgment for appellee.

Appellee, in its brief, seeks to dismiss the appeal for want of jurisdiction on two grounds: appellants executed an acknowledgment in lieu of an affidavit on their application to appeal without paying costs, under Rule 355, Texas Rules of Civil Procedure; and, the form of the application recites that appellee recovered a judgment against appellants "in the amount of zero dollars," whereas, actually a take-nothing judgment was entered in appellee's favor. We overrule said motion to dismiss. These objections were not presented within thirty

days after the filing of the transcript in this Court and are therefore waived. Rule 404, T.R.C.P.; Conlee v. Burton, Tex.Civ.App., 188 S.W.2d 713.

Appellants urge that the instructed verdict was improperly granted, as a fact issue was raised on whether the premiums had been fully paid; and that the policy was not legally cancelled even if the premiums were not paid, as no cancellation notice was given by appellee.

Appellants alleged that on October 21, 1960, the policy was in full force and effect and the premiums all paid. On this date the named insured, Elizardo Cantu, who was their son, was killed when struck by an automobile. No allegation of waiver, fraud or estoppel was presented by appellants; therefore, it was necessary that they prove the payment of all premiums due, or death during the grace period of said policy.

■ The policy was issued on July 4, 1960, and provided for a weekly premium of $1.67. It further provided for a grace period of four weeks, and that if any premium was not paid within the grace period, the policy should lapse and cease to be in force. It is settled that, when a policy provides the premium shall be paid before a stipulated date or the policy shall become forfeited and void, time becomes the essence of the contract, and a failure to pay the premium determines it, unless there be a waiver or estoppel. Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S.W. 1152.

■ The undisputed evidence is that Mrs. Cantu made all payments that were made on this policy. She was issued a receipt book in which were entered the payments due and date of payment of each. The payments, as reflected by the receipt book, were made irregularly. The last payment entered was made on September 9, 1960, for the week of August 8, 1960, which paid the premium up to August 15, 1960.

Subsequently she made two payments of $3.34 each, one on September 21, 1960, and the other on October 3, 1960. She was given a receipt for each of these payments, which stated in effect that if the policy had lapsed, it could be revived by the home office after payment of all arrears and that the receipted payment would be applied towards said arrears. In the event of failure to revive said policy, the payments towards same would be refunded on demand.

Appellants contend that the payment on October 3, 1960, raised a fact question that the policy was paid up at that time, and thus in force on October 21, 1960. To support this contention, they cite Excelsior Mutual Life Ins. Co. v. Hunter, Tex.Civ. App., 120 S.W.2d 905. That case is distinguishable in that admittedly all payments had been made by Mrs. Hunter prior to September, 1935, and there was a disputed fact issue as to whether payments had been made subsequently. Mrs. Cantu does not contend that any payments were made other than those set out above, and it is a question of law as to their effect.

A mathematical computation of said payments reflects that the policy lapsed under its own terms, four weeks subsequent to August 15, 1960. The later payments were not enough to revive the policy under its terms. There being no issue of waiver or estoppel asserted, the appellants failed to prove their case. Equitable Life Assurance Society v. Ellis, supra; Fernandez v. Sovereign Camp, W.O.W., Tex.Civ.App., 142 S.W.2d 314.

■ It was not necessary for the Company to advise appellants that their policy had lapsed. Equitable Life Assurance Society v. Ellis, supra. The other point raised by appellants concerns admission of asserted prejudicial evidence, and in view of the above conclusion it was harmless, if prejudicial, and therefore will not be discussed.

We affirm the judgment of the trial court.