Woodie KITCHING et ux., Petitioners,

v.

Pete O. ZAMORA, Respondent.

No. C–3911.

Supreme Court of Texas.

June 26, 1985.

Rehearing Denied Sept. 16, 1985.

Mabry, Herbeck & Chilton, Douglas H. Chilton, Texas City, for petitioners.

Dibrell & Greer, Thomas W. McQuage, Galveston, for respondent.

RAY, Justice.

This appeal arises from a negligence lawsuit brought by Woodie and Sandra Kitching against their flood insurance agent, Pete O. Zamora. At issue is whether an insurance agent can be held liable for failing to keep a customer informed about the expiration date of the customer's insurance policy. The trial court, based on jury findings, rendered judgment for the Kitchings. The court of appeals reversed the judgment of the trial court and rendered judgment for Zamora. 685 S.W.2d 714. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

In 1974, the Kitchings bought their home and insured it against flood damage by arranging for a $33,000 flood insurance policy through Zamora. Pursuant to the terms of the policy, the Kitchings' mortgage company timely paid the initial premium and the first four of the annual premium renewals. Upon the payment of each premium, Zamora received a commission. Even though the mortgage company paid the annual renewal premiums, the Kitchings also paid these premiums through 1978. This resulted in double payments of the premiums for the years 1975 through 1978 and each year, the insurance company refunded the extra payment. After making their unnecessary payment in 1978, the Kitchings acted to prevent further double payments by instructing the mortgage company to change the premium endorsement. The resulting change relieved the mortgage company of any duty to pay future renewal premiums and made the Kitchings solely responsible for these payments. Consequently, the mortgage company did not pay the 1979 renewal premium.

The Kitchings' 1979 renewal premium was due on June 6, 1979, in order to pre-

vent their flood insurance policy from expiring on June 16, 1979. The Kitchings, however, did not receive any correspondence regarding their 1979 policy renewal. Instead, as found by the jury, Zamora received the Kitchings' copies of two 1979 policy renewal forms before the expiration of the Kitchings' policy. Although both renewal forms contained information on the impending expiration date and one form requested the Kitchings to timely pay their premium to prevent their policy from expiring, Zamora did not notify the Kitchings about his receipt of that information. Also, Zamora received a "speed letter" from the Kitchings' mortgage company requesting Zamora to look into Kitchings' lack of payment of the renewal premium, but Zamora disregarded these instructions. Consequently, the Kitchings did not pay the renewal premium and their flood insurance policy expired on June 16, 1979.

On July 26, 1979, the Kitchings' house sustained substantial damages from a flood. Since their policy had not been renewed, the flood insurance company refused to cover the Kitchings' losses. The Kitchings then brought this lawsuit against Zamora for damages, contending that Zamora negligently failed to inform them about the impending expiration of their flood insurance. The jury found that Zamora was negligent in failing to notify the Kitchings about the impending expiration of their flood insurance. After determining that the Kitchings were negligent in failing to act on their own to renew their policy, the jury apportioned the comparative negligence of the parties at 25% for the Kitchings and 75% for Zamora. Based on the jury's finding of $20,704.75 in total damages, the trial court rendered judgment for the Kitchings for $15,528.26.

■ The court of appeals, however, reversed the judgment of the trial court and rendered judgment for Zamora. That court held that Zamora did not owe a duty to notify the Kitchings about the impending expiration of their insurance policy absent a statute, agreement, custom or course of dealing. We disagree. An insurance agent, who receives commissions from a customer's payment of insurance policy premiums, has a duty of reasonably attempting to keep that customer informed about the customer's insurance policy expiration date when the agent receives information pertaining to the expiration date that is intended for the customer.

 Here, the jury found that Zamora's negligence, in failing to notify the Kitchings about the information he received pertaining to their flood insurance expiration date, proximately caused 75% of the Kitchings' damages resulting from their lack of flood insurance. In light of Zamora's duty to the Kitchings, the jury's findings must be given effect. Consequently, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.