James SHINDLER, et al., Appellants,

v.

MID–CONTINENT LIFE INSURANCE
CO. and Compensation Systems,
Inc., Appellees.

No. C14–88–060–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1989.

Douglas A. Sandvig, Houston, for appellants.

Farley D. Grissett, Michael D. Fisse, Marie R. Yeates, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

Appeal is from a summary judgment granted in favor of appellees. Appellants sued insurer and agent for failing to give notice of the status of life insurance policies and representing that the policies were in effect when they had expired due to non-payment of premiums. We affirm.

In May 1980 appellant James Shindler bought two insurance policies from appellee Mid–Continent Life Insurance Company [hereinafter Mid–Continent] through appellee agent, Compensation Systems, Inc. [hereinafter Compensation]. Each policy was to pay $1,175,000 upon the death of James Shindler. The policies, by their terms, required annual premium payments and each policy stated that it would expire if the premiums were not paid within thirty days of their due date:

> PREMIUMS
>
> (d) Grace Period. A grace period of thirty-one days will be allowed for payment of a premium in default ...
>
> (e) Termination. If a premium remains unpaid at the end of the grace period, this policy is then terminated.

The summary judgment proof shows that while Shindler paid the annual premiums at the time of issue, no subsequent annual premiums were ever paid and the policies terminated for non-payment of premiums in June 1981.

In March 1984 James Shindler discovered he had cancer. At that time, he inquired and learned that the two Mid–Continent life insurance policies had expired for non-payment of premiums. Shindler demanded reinstatement of the policies. When Mid–Continent refused, Shindler and family members brought suit against Mid–Conti-

nent and agent Compensation alleging a breach of duty to inform of premiums due and policy cancellation. In addition, appellants sued for misrepresentation alleging that through certain correspondence, appellees represented that the policies were still in effect when they had terminated due to non-payment of premiums. The trial judge granted summary judgment in favor of both appellees.

A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); TEX.R.CIV.P. 166–A. In reviewing a summary judgment, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). Proof favoring the movant's position should not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).

### INSURER'S DUTY TO INFORM

■ Appellants allege Mid–Continent had a duty to give notice of premiums due and policy termination. However, Appellants have cited us no case, nor have we found any, where an insurer was held to have a duty to inform the insured of the status of a life insurance policy. On the contrary, Texas courts have held unequivocally that, absent policy provisions, life insurers have no legal duty to give notice of premiums due. *Guardian Life Ins. Co. v. Turquette*, 460 S.W.2d 534, 536 (Tex.Civ. App.—Waco, 1970, writ ref'd n.r.e.) (no duty to give notice as a matter of law); *Aetna Life Ins. Co. v. Eilers*, 367 S.W.2d 732, 736 (Tex.Civ.App.—Waco, 1963, writ ref'd) (no duty as a matter of law). Likewise, no duty exists to give notice that the policy has lapsed. *Cantu v. Southern Life & Health Ins. Co.*, 360 S.W.2d 812, 813 (Tex.Civ.App.—San Antonio 1962, no writ). We have examined the policies in question and find no provisions that would require

the insurer to give notice of premiums due or policy termination.

Appellants have cited *Kitching v. Zamora*, 695 S.W.2d 553 (Tex.1985) in support of Mid–Continent's duty to give notice. *Kitching* however, imposes a duty on *agents* to give notice in certain situations. That case has no application to an insurer. We also note that the Texas Insurance Code, which regulates and specifies the various duties of life insurance companies, makes no mention of a life insurer's duty to notify an insured of premiums due.

We hold that absent policy provisions, Mid–Continent had no duty as a matter of law to inform appellants of premiums due or termination of life insurance policies.

### AGENT'S DUTY TO INFORM

Appellants also allege agent Compensation had a duty to inform of premiums due and rely on *Kitching v. Zamora, supra,* in support of their argument. In *Kitching,* an agent was held liable for failing to notify an insured of premiums due. In that case, there was proof that the agent had received numerous statements from the insurer asking it to forward the information to the insured. In the present case, appellants allege that agent Compensation received notice of premiums due from the insurer and therefore, had a duty to pass the information on to the insured.

In reviewing a summary judgment, the appellate court may consider only the proof on file before the trial court at the time of the summary judgment hearing. *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App. —Corpus Christi 1988, no writ). In the present case, the summary judgment proof presented by appellees establishes that Compensation at no time received any notices of cancellation, expiration, premiums due or premium past due notices pertaining to appellant's policies.

In support of their contention that a fact issue was raised as to whether Compensation received notice of premiums due, appellants cite the following excerpt from the deposition of Carol Jablonski, an employee of Mid–Continent:

Q. Is there any notification as far as a lapse notice or a late payment offer that would go to the agent in addition to the policy holder?

A. Yes.

Q. What goes to the agent in the way of any of these notifications, please?

A. The copy of the late payment offer and a copy of the lapse notice.

Q. Is it your belief and understanding that the process here at Mid–Continent [sic] that was also true in the time frame of 1980 and 1981?

A. *As far as I know.* (emphasis added)

It is clear from the foregoing that the deponent was not contending Mid–Continent sent notice of policy status to agent Compensation. She only testified that it was normal procedure at the time of the deposition and, as far as she knew, the procedure during 1980 and 1981.

■ We further believe that the term "as far as I know" in response to a question in a deposition, is analogous to the words "to the best of my knowledge," used in an affidavit supporting a summary judgment. Such responses have been held insufficient to support a response raising fact issues. *Campbell v. Fort Worth Bank & Trust,* 705 S.W.2d 400 (Tex.App.— Fort Worth 1986, no writ). We hold that the deponent's response does not amount to summary judgment proof raising a fact issue. Therefore, Compensation's summary judgment proof that it never received notice from Mid–Continent is uncontroverted and can be properly considered by this court in reviewing the summary judgment. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., supra.*

■ Because there is no proof that agent Compensation had notice of premiums due or policy termination, we hold that Compensation had no duty, as a matter of law, to give notice to appellants.

### MISREPRESENTATION OF INSURER AND AGENT

In addition to their causes of action for failure to give notice, appellants brought suit against agent Compensation and insurer Mid–Continent for misrepresentation pursuant to Tex.Ins.Code Ann. art. 21.21 (Vernon 1982) which prohibits unfair or deceptive acts or practice in the business of insurance.

The summary judgment proof shows that in the fall of 1981, appellants requested changes in the ownership and beneficiary designations of the policies. Mid–Continent acknowledged receipt of the request in writing. Appellants contend that Mid–Continent's acknowledgement amounted to a representation that the policies were still in force, when they had terminated some months before for non-payment of premiums.

Similarly, in March 1983, appellee Compensation provided appellants with an analysis of coverage which included, among other things, the Mid–Continent life insurance policies. Appellants allege that the analysis from Compensation amounted to a misrepresentation under article 21.21.

We agree that the insurer's acknowledgment and the agent's analysis of coverage could be misleading. However, the summary judgment proof also shows that the policies, by their own terms, terminated for non-payment of premiums on June 27, 1981, twenty-one months before the alleged misrepresentation of agent Compensation and well before the alleged misrepresentation of Mid–Continent.

■ Necessity of tendering premium payments to avoid policy termination is stated in the policies. An insured will be deemed to know the contents of the contract he makes. *Standard Accident Ins. Co. v. Employers Cas. Co.,* 419 S.W.2d 429, 432 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.). Thus, as a matter of law, appellants were charged with knowledge that the annual premiums were to be paid in order to prevent the policies from expiring by their own terms.

■ A claim for misrepresentation can not stand when the party asserting the claim is legally charged with knowledge of the true facts. *Sutton v. Grogan Supply Co., Lumber Division,* 477 S.W.2d 930, 935 (Tex.Civ.App.—Texarkana 1972, no writ)

(the person who claims he has been defrauded must not be in possession of information showing the utter falsity of the alleged misrepresentation.); *Great American Mortg. Investors v. Louisville Title Ins. Co.*, 597 S.W.2d 425 (Tex.Civ.App.—Ft. Worth 1980, writ ref'd n.r.e.).

■ We hold that appellants were, as a matter of law, charged with knowledge that the policies had terminated in May 1981 for non-payment of premiums. We further hold that appellants may not assert a claim for misrepresentation based on conduct by appellees that occurred after the policies had terminated due to appellants' non-payment of premiums.

Appellants' point of error is overruled and the judgment is affirmed.