**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-40784
Summary Calendar
_____


STEPHANIE SNAPE, Individually,
As Next Friend for Cornelius James
Snape IV and as Representative of
the Estate of Cornelius James Snape
III, on behalf of Cornelius James
Snape,

                                        Plaintiff-Appellant,

versus

LINCOLN BENEFIT LIFE COMPANY; ET AL,

                                        Defendants


LINCOLN BENEFIT LIFE COMPANY; POE &
BROWN INC.; SCOTT HENRY; CIGNA
FINANCIAL ADVISORS INC.; SAGEMARK
CONSULTING INC.,

                                        Defendants-Appellees.
_____


Appeal from the United States District Court
for the Eastern District of Texas
(No. 4:99-CV-236)
_____
April 8, 2002


Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cornelius James Snape III ("Neal Snape") died in an automobile accident with a drunk driver on September 20, 1997. Prior to his death, Neal Snape had been in the process of finalizing a life insurance policy with Lincoln Benefit Life Company ("Lincoln") to benefit his wife, with his son named as contingent beneficiary. The policy was to take effect on September 22, 1997. At the time of his death Snape had paid no premiums on the policy and had yet to receive the policy.

After Lincoln denied her claims for benefits, appellant Stephanie Snape filed negligence and Texas Insurance Code violation claims in her individual capacity, as well as on behalf of her minor son, Cornelius James Snape IV, and the estate of her deceased husband, Neal Snape, involving the application for life insurance that Neal Snape submitted to Lincoln through Scott Henry ("Henry"). Henry is employed by defendant Poe & Brown, Inc. as a sales agent in the employee benefits group. Henry consulted with John Van Veldhuizen, an employee of defendant Cigna Financial Services ("Cigna"), which is now known as Sagemark Consulting, Inc. ("Sagemark").

Lincoln notified Henry that the life insurance policy was approved on August 26, 1997. On August 26, 1997, Lincoln also notified Henry that it was suspending processing of the policy until Henry fulfilled its internal agent appointment procedures. The policy was suspended sixteen days while Henry obtained appointment. On September 11, 1997, the policy went into

processing.  If the policy had not been suspended, the effective date of the policy would have been September 7, 1997, before Neal Snape's death.

On September 15, 1997, Lincoln sent Henry written notice of the amount of the premium payment he was to collect to put the policy in effect and notified him that the policy had an effective date of September 22, 1997.  Henry was also notified by Van Veldhuizen's office on September 19, 1997, that a premium needed to be collected.  Henry was advised on September 19, 1997, that the physical policy was in the mail to him.

By memorandum opinion dated March 28, 2001, the district court partially adopted the magistrate judge's report; granted motions for summary judgment by Poe & Brown and Henry, Lincoln, and Sagemark and Cigna; dismissed appellant's case with prejudice; and dismissed Cornelius James Snape IV with prejudice.  Appellant appeals the district court's grants of summary judgment and dismissal of appellant's claims.  Snape further claims that the district court abused its discretion when it denied her leave to amend her complaint to add claims allegedly developed during the discovery process.

This court reviews grants of summary judgment de novo. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 470 (5th Cir. 2001).  Summary judgment is proper if there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c); *Celotex*

*Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendants owed no duty to Snape that would support the negligence claims. An insurer and its agent have no duty to give an insured notice of a premium, to give notice that a policy has expired, to inform an insured of the status of a policy, or to ensure that coverage is in effect through payment of a premium. *Shindler v. Mid-Continent Life Ins. Co.*, 768 S.W.2d 331, 333 (Tex. App. 1989); *Macintire v. Armed Forces Benefit Ass'n*, 27 S.W.3d 85 (Tex. App. 2000).

Appellant also brought suit against defendants for misrepresentation pursuant to Article 21.21 § 4(11) of the Texas Insurance Code, which prohibits unfair or deceptive acts or practice in the business of insurance. Even where the insurer or its agent has made statements that could be misleading, "[a]n insured will be deemed to know the contents of the contract he makes." *Shindler*, 768 S.W.2d at 334 (citing *Standard Accident Ins. Co. v. Employers Cas. Co.*, 419 S.W.2d 429, 432 (Tex. App. 1967)). The policy application provides that "no insurance will start by reason of the application until the policy is delivered and the first payment is accepted by Lincoln Benefit Life. In this case, the insurance will start on the date shown in the policy." The

4

policy application further provides that "each person who signs below acknowledges that he or she read and understands this Application." Neal Snape signed the policy application. "A claim for misrepresentation can not stand when the party asserting the claim is legally charged with knowledge of the true facts." *Shindler*, 768 S.W.2d at 334 (citing *Sutton v. Grogan Supply Co., Lumber Division*, 477 S.W.2d 930, 935 (Tex. App. 1972)).

Further, Texas follows the rule that where a policy provides that life insurance shall not be in force until certain considerations are satisfied, fulfillment of these conditions is essential for a valid contract. *Roberts v. Mass. Indem. & Life Ins. Co.*, 713 S.W.2d 159 (Tex. App. 1986). There was no contract between Lincoln and Neal Snape. Neal Snape had made no payments and had not even received the policy.

Regarding appellant's claim that Henry had a duty to inform Neal Snape that he would need to go through processing to become an agent of Lincoln, Henry was licensed by the State of Texas to sell life insurance for any life insurance company. When the time came for Henry to complete Lincoln's internal procedures and become "appointed," he did so with ease in about two weeks. Lincoln never withdrew Henry's authority nor does appellant aver a failure by Henry to obtain the requisite authority from the state. See generally *Armstrong v. Tidelands Life Ins. Co.*, 466 S.W.2d 407 (Tex. App. 1971); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515,

518-19 (Tex. 1988).

This court reviews denial of a motion for leave to amend for abuse of discretion. *Addington v. Mutual Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "leave to amend is not automatic." *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). Reason for the denial need only be apparent from the record. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying the leave to amend here are "ample and obvious." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981). The record supports denying leave to amend because the motion was untimely, presented without full disclosure to the court, prejudicial to the defendants, or futile. The district court was within its discretion to deny leave.

The judgment of the district court is AFFIRMED.