NUMBER
13-01-248-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

KATHLEEN MANION,                                                          Appellant,

 

                                                   v.

 

SECURITY NATIONAL
INSURANCE

COMPANY, ET AL.,                                                            Appellees.

 

 

                        On appeal from the
410th District Court 

                              of Montgomery
County, Texas.

 

 

                                   O P I N I O N

 

                    Before Justices Dorsey,
Rodriguez, and Wittig[1]

                                   Opinion by
Justice Wittig             

 








We address
whether an insurance agent=s statement
that a homeowner=s policy
affords Afull coverage@ is an
affirmative misrepresentation when that policy excludes flood damage.  Appellant, Kathleen Manion, bought a
homeowner=s policy
through Carl Arnold, independent agent for appellee, Financial Guardian of
Texas, and issued by appellee, Security National Insurance Co.  Arnold stated the policy was Afull coverage.@  Manion did not discuss the specific coverage
with Arnold, and incorrectly assumed the policy covered flood damage.  Her home later flooded and Security denied
her claim.  Appellant brought suit for
violations of the Texas Deceptive Trade Practices Act (DTPA) and Insurance
Code.  The trial court granted summary
judgment for all appellees.  We affirm.

                                                      Background

Kathleen Manion
rented a house in Conroe and wanted insurance on her contents.  In September 1998, Manion was referred by a
friend to Carl Arnold, an agent for Financial Guardian.  Manion told Arnold that she wanted Afull coverage@ on the
home.  Arnold, an independent agent who
did business with numerous carriers, found a standard ATexas Homeowner=s Policy@ for renters
through Security National.  Arnold quoted
Manion a rate for the policy and told her it was Afull coverage.@  Neither party discussed whether the policy
covered flood damage.  Manion agreed to
the policy, mistakenly assuming it covered flood damage.  When Manion received the policy a few days
later, it included a cover letter advising her to check it to review her
coverage.  She looked at a few pages, but
did not notice that on page one of the policy, the AQuick Reference@ directed the
reader to AExclusion@ information on
page five.  On that page an AEXCLUSIONS@ section
subheaded AWATER DAMAGE,@ which stated, AWe do not cover
loss caused by or resulting from flood. . . .@  

In November
1998, Manion=s house flooded
and she incurred over $20,000 in property damage.  Manion notified Arnold, who told her that the
policy did not cover flood damage.  








Manion hired a
lawyer who made demand on all three appellees to pay her losses.  None of the appellees acknowledged her claim
within fifteen days, as required by article 21.55 of the Insurance Code.  See Tex.
Ins. Code Ann. art. 21.55 (Vernon Supp. 2002).

Manion sued,
alleging that Arnold, individually and as agent for Security National and
Financial Guardian, violated the DTPA and the Texas Insurance Code.  (Manion cited no specific provisions of these
statutes in her petition.)  All appellees
filed motions for summary judgment. 
Later, Manion amended her petition to allege Security National violated
article 21.55 of the Insurance Code for failing to acknowledge her claim within
fifteen days.  Id.  The trial court granted final summary
judgment for all appellees. 

Manion raises
three issues on appeal.  First, she
claims a fact issue existed as to whether Arnold made a misrepresentation, and
whether that misrepresentation violated DTPA and article 21.21 of the Insurance
Code.  Second, she alleges summary judgment
was erroneous because Financial Guardian and Security National is liable for
its agent Arnold=s
misrepresentation.  Finally, she claims
summary judgment was improper as to Security National because it violated article
21.55 of the Insurance Code and is estopped to deny her claims.  

Standard
of Review



Appellees= summary
judgment motions were argued variously under both the traditional and
no-evidence standards.  We treat them as
hybrid motions.








          In
a no-evidence summary judgment, a party is entitled to summary judgment if
there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  In reviewing
a no-evidence summary judgment, we apply the same legal sufficiency standard as
in a directed verdict. Chapman v. King Ranch, Inc., 41 S.W.3d 693, 698
(Tex. App.BCorpus Christi
2001, pet. filed).  A no-evidence summary
judgment is proper if the respondent fails to bring forth more than a scintilla
of probative evidence in support of one or more essential elements of a claim.  Tex.
R. Civ. P. 166a(i).  A traditional
summary judgment is proper only when the movant establishes there is no genuine
issue of material fact and it is entitled to judgment as a matter of law.  Tex.
R.Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991). A trial court properly grants summary judgment in favor of a
defendant if the defendant conclusively establishes all elements of an
affirmative defense, or conclusively negates at least one element of the
plaintiff's claim.  American Tobacco
Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  We review the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and
inferences.  Randall's Food Mkts.,
Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).

Discussion



Misrepresentation



We first
address Manion=s claims that
Arnold violated the DTPA and the Insurance Code by misrepresenting that she was
getting Afull coverage@ insurance and
leaving her with the impression that such coverage included flood damage. 








Viewing the
summary judgment proof in the light most favorable to Manion, we find no
affirmative misrepresentation was made about flood coverage.  The general rule is that in the absence of an
affirmative misrepresentation, a mistaken belief about the scope of coverage is
not actionable under DTPA or the Insurance Code.  Sledge v. Mullin, 927 S.W.2d 89, 94
(Tex. App.BFort Worth
1996, no writ).  In this case, Manion
only made assumptions about coverage for flood damage.  Manion and Arnold never discussed flood
coverage. Nor was there an allegation that Arnold claimed there were no
exclusions in the policy or that he misrepresented what Afull coverage@ meant.  Further, Afull coverage@ is a vague
term of art that doesn=t implicate any
specific type of coverage.  See State
Farm County Mut. Ins. Co. v. Moran, 809 S.W.2d 613, 620-21 (Tex. App.BCorpus Christi
1991, writ denied) (A[g]eneral
claims by [an] insurer of the adequacy or sufficiency of coverage . . . are not
generally actionable under the DTPA@; evidence did
not show that insurer misrepresented what it meant by term of art Afull coverage@); Parkins
v. Texas Farmers Ins. Co., 645 S.W.2d 775, 776-77 (Tex. 1983) (holding no
misrepresentation where receipt for insurance stated policy was for Afire@ but policy
contained exclusion from fire coverage where property was not owner-occupied); Douglas
v. Delp, 987 S.W.2d 879, 886 (Tex. 1999) (holding that a lawyer=s general
representation that a settlement agreement would protect the clients= interests too
vague to support DTPA liability); see also State Farm Fire & Cas. Co.,
Inc. v. Slade, 747 So.2d 293 (Ala. 1999) (holding that insurance agent=s statement
that policy was Aall-risk,
full-coverage-on-everything@ on policy that
contained exclusion was not misrepresentation and did not mean there were no
exclusions in policy).  Therefore, we
hold that Arnold=s reference to
the standard homeowner=s policy as Afull coverage,@ standing
alone, was not an affirmative misrepresentation that the policy covered flood
damage.








Manion=s claim also
fails because she was deemed to know the contents of the policy, which
specifically excluded flood coverage.  An
insurance policy is a contract entered into between the parties whereby each
party becomes bound by the terms of the agreement.  Ruiz v. Government Employees Ins. Co.,
4 S.W.3d 838, 841 (Tex. App.BEl Paso 1999,
no pet.).  An insured has a duty to read
the policy and, failing to do so, is charged with knowledge of the policy terms
and conditions.  Id.  A claim for misrepresentation cannot stand
when the party asserting the claims is legally charged with knowledge of the
true facts.  See Shindler v.
Mid-Continent Life Ins. Co., 768 S.W.2d 331, 334 (Tex. App.BHouston [14th
Dist.] 1989, no writ); see also Heritage Manor of Blaylock Properties, Inc.
v. Petersson, 677 S.W.2d 689, 691 (Tex. App.BDallas 1984, writ ref'd n.r.e.).   It is undisputed that before the flood,
Manion received a copy of the policy. 
With the policy was a cover letter advising her to Atake a few
minutes to review [her] coverage.@  Manion admitted she reviewed a few pages, but
did not look at the entire policy.  As
noted, on page five, the policy clearly and prominently excluded flood
damage.  Because of this, Manion=s claim for
misrepresentation fails.  Shindler,
768 S.W.2d at 334.

Manion also
argued that Arnold=s statement
that the policy was Afull coverage@ was a
negligent misrepresentation. Having found no misrepresentation, it follows that
Manion=s claim for
negligent misrepresentation is precluded. 
Additionally, because there is no viable claim against Arnold, there is
likewise necessarily no claim against Financial Guardian or Security National
under a respondent superior theory. 
Manion=s first two
issues are therefore overruled.

                                    Article
21.55 of the Insurance Code








In her third
issue, Manion claims the trial court erred in granting summary judgment for
Security National because it failed to timely acknowledge her claim within
fifteen days pursuant to article 21.55, section 2(a) of the Insurance Code.[2]  It is undisputed that Security National
failed to comply with this provision. Because of this, Manion claims that
Security National is required under article 21.55, section 6, to pay Manion the
amount of her claim plus an 18% statutory penalty.[3]  Manion also claims Security National is Aestopped@ to deny her
claim.  








The Texas
Supreme Court in Allstate Ins. Co. v. Bonner, 51 S.W.3d 289 (Tex. 2001),
has recently held that to successfully maintain a claim under section 6, a
party must establish three elements:  (1)
a claim under an insurance policy; (2) that the insurer is liable for the
claim; and (3) that the insurer has failed to follow one or more sections of
article 21.55 with respect to the claim. 
Id. at 291.  Because Manion=s claim was for
flood damage, and flood damage was specifically excluded from the policy,
Security National is not liable on her claim as a matter of law.  Thus Manion=s section 6 claim likewise fails.  See id.; see also Mid-Century Ins.
Co. v. Barclay, 880 S.W.2d 807, 810-12 (Tex. App.BAustin 1994,
writ denied). Further, Manion cites, and we find, no basis to apply the
equitable remedy of estoppel to this statutory claim.  We overrule Manion=s final issue.[4]

The judgment of
the trial court is affirmed.  

 

                                                                           

                                                                        
    DON WITTIG

Justice

 

 

 

Do not publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

15th day of August, 2002.

 

 











[1]
Retired Justice Don Wittig, assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
75.002 (Vernon 1998).





[2] This provision states:

 

(a) Except as provided by Subsection (d) of this
section, an insurer shall, not later than the 15th day after receipt of notice
of a claim or the 30th business day if the insurer is an eligible surplus lines
insurer:

 

(1) acknowledge receipt of the claim;

 

(2) commence any investigation of the claim;  and

 

(3) request from the claimant all items, statements,
and forms that the insurer reasonably believes, at that time, will be required
from the claimant.  Additional requests
may be made if during the investigation of the claim such additional requests
are necessary.

 

(b) If the acknowledgment of the claim is not made in
writing, the insurer shall make a record of the date, means, and content of the
acknowledgment.

 

Tex. Ins.
Code Ann., art. 21.55, ' 2(a) (Vernon Supp 2002).

 





[3] This section provides:

 

In all cases where a claim is made
pursuant to a policy of insurance and the insurer liable therefor is not in
compliance with the requirements of this article, such insurer shall be liable
to pay the holder of the policy, or the beneficiary making a claim under the
policy, in addition to the amount of the claim, 18 percent per annum of the
amount of such claim as damages, together with reasonable attorney fees as may
be determined by the trier of fact.  Such
attorney fees shall be taxed as part of the costs in the case.

 

Tex.
Ins. Code Ann., art. 21.55, ' 6 (Vernon Supp. 2002).





[4] Manion also argues that the trial court erred in
granting summary judgment on this issue because Security General=s motion for summary judgment did not specifically
address Manion=s theory of recovery under section 21.55.  We disagree. 
As discussed above, an essential element of Manion=s article 21.55 claim B that she have a valid underlying claim B was negated by Security National=s original motion for summary judgment.  Security National=s no-evidence summary judgment prevented Manion from
standing solely on her pleadings (amended or otherwise) and instead required
her to bring forward sufficient evidence to withstand a motion for instructed
verdict.  Lampasas v. Spring Ctr., Inc.,
988 S.W.2d 428, 436 (Tex. App.BHouston [14th Dist.] 1999, no pet.).  This she failed to do. If a summary judgment
attacks an element which is also necessary to other claims, then it may be
deemed to cover additional causes of action under appropriate fact situations. Id.
at 435-37.  Thus, the trial court=s final summary judgment on all issues was proper.